Betty Joyce SIMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00126–CR.

Court of Appeals of Texas,
Dallas.

Nov. 16, 1981.

Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Stanley Keeton, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and FISH, JJ.

FISH, Justice.

Betty Joyce Simon was convicted of aggravated assault and sentenced to five years imprisonment. In two grounds of error on appeal, she urges that: (1) the charge was fundamentally defective and (2) the trial court erred in failing to dismiss the indictment under the Speedy Trial Act. We do not agree and accordingly affirm.

Appellant's first ground of error complains that the court's charge was fundamentally defective because it was abstract and failed to instruct the jury under what

circumstances they should acquit or convict. The charge instructed the jury to convict the appellant of aggravated assault under the following *circumstances*:

(1) [I]f you find and believe from the evidence beyond a reasonable doubt that the defendant, Betty Joyce Simon, at the time and place alleged in the indictment did then and there intentionally or knowingly . . . cause serious bodily injury to James Edward Lillard by stabbing him with a knife . . . .

or

(2) [I]f you find and believe from the evidence beyond a reasonable doubt that the defendant, Betty Joyce Simon, at the time and place alleged in the indictment, did then and there intentionally or knowingly commit an assault on James Edward Lillard by stabbing him with a knife, and you further find that said knife by its manner of use or intended use was a deadly weapon . . . , if it was . . . .

The charge also instructed the jury to acquit the appellant under *either* of these two circumstances:

(1) [I]f you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, that the defendant, Betty Joyce Simon, at the time and place alleged in the indictment did then and there intentionally or knowingly . . . cause serious bodily injury to James Edward Lillard by stabbing him with a knife . . . .

(2) [I]f you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, that the defendant, Betty Joyce Simon, at the time and place alleged in the indictment, did then and there intentionally or knowingly commit an assault on James Edward Lillard by stabbing him with a knife, and you further find that said knife by its manner of use or intended use was a deadly weapon . . . , if it was . . . .

The specific facts of an offense need not be applied to the general instructions and definitions in the court's charge, provided that, following the instructions and definitions, the court includes a charge which applies the law to the facts of the offense and instructs the jury under what circumstances to convict or acquit. *Turpin v. State*, 606 S.W.2d 907, 910 (Tex.Cr.App. 1980) (*En Banc*). The authority cited by appellant, *Harris v. State*, 522 S.W.2d 199 (Tex.Cr.App.1975), is inapplicable because the charge in that case completely failed to apply the abstract law to the facts and issues in evidence. 522 S.W.2d at 200. In the present case, the court's charge does apply the law to the facts and issues in evidence and does state under what facts and circumstances the jury should acquit or convict. Appellant's first ground of error is overruled.

Appellant's second ground of error urges that the trial court should have granted her motion to dismiss for violation of her right to a speedy trial. A brief chronology of events is necessary to understand appellant's claim.

1. January 26, 1979. Appellant was arrested.

2. May 9, 1979. The case was set for trial. Both sides appeared and announced ready for trial. The case was reset to June 15, 1979 for trial because the court was in trial of another case.

3. May 14, 1979. The State filed with the court an announcement of ready as of May 11, 1979.

4. June 15, 1979. The case was reset to July 16, 1979 at the request of appellant.

5. July 16, 1979. The State announced ready for trial. On consent of the appellant, the case was continued to August 6, 1979.

6. August 6, 1979. With appellant's consent, the case was continued to August 27, 1979.

7. August 27, 1979. Both sides announced ready. The court "carried" the case to August 29, 1979 because it was in trial of another case.

8. August 29, 1979. Both sides announced ready. The parties requested the court to reset the trial to September 14, 1979 for a plea.

9. September 14, 1979. Both sides announced ready. The court reset the case to October 8, 1979.

10. October 8, 1979. The case was called for trial. The State moved for a continuance because a material witness was unavailable. Without acting on the motion, the court reset the case to October 10, 1979.

■ On October 10, 1979, before trial began, appellant presented to the court her "Motion for a Speedy Trial."[1]

At the hearing on the motion for a speedy trial, appellant offered testimony from Mr. Daniel Clark, an assistant district attorney, regarding the State's readiness for trial on various prior occasions. At the conclusion of the hearing on appellant's motion, the court granted the motion for speedy trial but denied the alternative plea for dismissal of the indictment.

■ Appellant's contentions must be measured against the requirements of the Speedy Trial Act as they have been authoritatively construed in *Barfield v. State*, 586 S.W.2d 538 (Tex.Cr.App.1979). The court construed section 3 as requiring action by appellant to avail himself of rights accorded by the act:

This provision would seem to require that the first move be made by the accused rather than the state. If he does not do so, he waives his rights under the Act and the state would not be required to show readiness in compliance with the Act's requirements. Once the defendant files his motion to dismiss for failure to adhere to the provisions of the Act, the state must declare its readiness for trial then and at the times required by the Act. This declaration is a *prima facie* showing of conformity to the Act, but can be rebutted by evidence submitted by the defendant demonstrating that the state was not ready for trial during the Act's time limits. This evidence can be from any source including cross-examination of those responsible for preparing the state's case, and may consist of, among other things, a demonstration that the state did not have a key witness or piece of evidence available by the last day of the applicable time limit so that the state was not ready for trial within that time limit.[2]

586 S.W.2d at 542.

This language means that the State's readiness for trial is a question of fact, on which the State can make a *prima facie* showing by its announcement of ready.

■ Article 27.04 provides that "an issue of fact arising upon a motion to set aside an indictment . . . shall be tried by the judge without a jury." Tex.Code Crim.Pro.Ann. (Vernon 1966). In light of the trial court's denial of appellant's alternative prayer to dismiss the indictment, we must presume the trial judge found all disputed factual issues in favor of his ruling. *See Hamilton v. State*, 621 S.W.2d 407, 409–410 (Tex. Cr.App.1981); *McCartney v. State*, 542 S.W.2d 156, 162 (Tex.Cr.App.1976) (motion

---

1. This motion may not support appellant's claim on appeal that the indictment against her should have been dismissed for failure to comply with the time limits imposed by the Speedy Trial Act, Tex.Code Crim.Pro.Ann. art. 32A.02 (Vernon Supp. 1980–1981). The Speedy Trial Act provides in section 1 that "a court shall grant a motion to set aside an indictment . . . if the State is not ready for trial within [designated time periods]." Section 3 also provides, however, that "the failure of a defendant to move for discharge under the provisions of this article prior to trial . . . constitutes a waiver of the rights accorded by this article." Appellant's motion did not seek to set aside the indictment, *except as an alternative form of relief*. It requested that the court "grant her a trial immediately or, alternatively that the indictment now pending against her be dismissed pursuant to Article 32A.02 § 1(1) . . ., Texas Code of Criminal Procedure . . . ." The trial court granted an immediate trial, which was the primary relief sought.

2. Footnote in original text omitted.

for new trial); *Jones v. State*, 589 S.W.2d 419, 421 (Tex.Cr.App.1979) (probation revocation). Such an implied finding will be upheld unless there was an abuse of the trial court's discretion. *See Moreno v. State*, 587 S.W.2d 405, 412 (Tex.Cr.App. 1979); *McIlveen v. State*, 559 S.W.2d 815, 818–19 (Tex.Cr.App.1977).

We have examined the record of the hearing on the motion for speedy trial and conclude there is sufficient evidence of the State's readiness within the time prescribed by the Speedy Trial Act to sustain the trial court's decision. Appellant's second ground of error is overruled.

Affirmed.