**Mona Mae CALDWELL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–401–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 19, 1998.

Mary Thornton, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, C. James Gibson, Kurt Stallings, Assistant Criminal District Attorney, Fort Worth, for State.

Before MALONEY, J.,(Sitting by Assignment), CAYCE, C.J., and DAY, J.

### OPINION

PER CURIAM.

Appellant, having waived an indictment pursuant to a plea bargain agreement entered a plea of guilty to an information charging her with the offense of attempted murder. Adjudication of guilt was deferred, and she was placed on probation for a period of eight years. The plea and order of deferred adjudication was before a magistrate on May 21, 1993. On April 11, 1996, the State filed a second petition to proceed to adjudication in the District Court.[1] Appellant entered a plea of "true" to the allegations in the petition, adjudication of guilt was entered by the district judge and she was sentenced to fourteen years in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, Appellant raises a single point: that her conviction was void because the magistrate who accepted her plea of guilty was without jurisdiction to do so.

The record shows that the plea of guilty by Appellant was taken before the magistrate on May 21, 1993, but that the referral order was not signed by the district judge until May 27, 1993. Appellant contends that because the referral order was not signed until several days after the plea of guilty, the magistrate did not have jurisdiction to accept her plea and, therefore, her conviction is void.

The State in its brief contends that 1) Appellant waived her right to appeal; 2) by

---

1. The State had filed a previous petition; Appel-    lant's probation was reinstated.

failing to bring forth the record of her plea before the magistrate, nothing is presented for review; 3) the authority upon which she relies for reversal *Davis v. State,* 928 S.W.2d 289 (Tex.App.—Ft.Worth, 1996), *rev'd,* 956 S.W.2d 555 (Tex.Crim.App.1997) (rehearing denied, Dec. 3, 1997), is flawed; 4) the error, if any is nonjurisdictional and, therefore, this court is without jurisdiction to hear her appeal; and 5) by failing to object in the trial court before the trial court adopted the magistrate's actions, her complaint is waived.

In *Davis,* the issue of jurisdiction of the magistrate to hear Davis's March 24, 1992 guilty plea, absent a timely order of referral, was presented to us. Relying on the Court of Criminal Appeals' decision in *Spindler v. State,* 740 S.W.2d 789 (Tex.Crim.App.1987), we sustained the point of error finding that the trial court's referral order was signed after the plea hearing and held that this was insufficient to confer jurisdiction upon the magistrate, thereby rendering the conviction void. We reversed the judgment and remanded to the 297th District Court for further proceedings consistent with our opinion. Subsequently, the Court of Criminal Appeals granted the State's petition for discretionary review and, on October 15, 1997, rendered an opinion that controls the disposition of the instant case—the issues being the same. The arguments made before us in the instant case are the same contentions made by the Appellant and answered by the State before the Court of Criminal Appeals in *Davis.*

In its opinion, Presiding Judge McCormick, joined by seven members of the Court Judge Overstreet concurring in the result, reasoned that we were wrong in relying on *Spindler* to hold that the impediments to a judge's authority to act would apply equally to a magistrate. The Court of Criminal Appeals went on to say that although there were disqualifications dealing with judges and that those disqualifications might render their act or acts a nullity, a magistrate is not subject to the same constitutional qualifications as a judge. A judge, when he acts through a magistrate, does not transfer his authority to preside over the case, but retains his authority to agree or disagree with the acts of the magistrate. The error in

*Davis* concerned the process by which the district judge referred the case to the magistrate, a procedural irregularity due to untimeliness of the referral order. This was not and is not a jurisdictional matter of the District Court that could be raised for the first time on appeal. The Court of Criminal Appeals therefore held that we erred by holding that this error was jurisdictional and could be raised for the first time on appeal. *See Davis,* 956 S.W.2d at 557.

Bound by the holding in *Davis,* we hold that the error here not being jurisdictional cannot be raised for the first time on appeal. Accordingly, the appeal is dismissed.