NO. 07-97-0070-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 28, 1998

_____

SEAN ALLEN SMITH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 9444-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Contending the trial court erred in denying his motion to enforce an oral agreement with the former prosecutor not to prosecute, appellant Sean Allen Smith, appeals from a judgment decreeing that he is guilty of committing the offense of murder. After a jury finding of guilt, punishment was assessed by the jury at ten years confinement in the Texas Department of Criminal Justice-Institutional Division, probated and a fine of $10,000.00. Based on the rationale expressed herein, we affirm the judgment.

Smith, along with five other persons, was initially indicted for the offense of capital murder of Hilton Raymond Merriman, Sr., on May 22, 1990, which was docketed under cause number 6988-C in the 251st District Court of Randall County, herein referred to as the "original proceeding." At that time, Randy Sherrod was the Criminal District Attorney for Randall County and he served in that capacity until January 1, 1995, when James Farren assumed the duties of Criminal District Attorney. Soon after his engagement, defense counsel for Smith initiated contacts with the prosecutor's office and explored the possibilities of an immunity agreement for Smith in exchange for Smith's testimony at the trials of the other co-defendants. According to Smith, his trial counsel and prosecuting attorneys entered into an oral agreement providing that the original proceeding would be dismissed, with prejudice, and that no new charges would be filed against Smith in exchange for his testimony against his co-defendants.

Pursuant to the asserted agreement, Smith gave the prosecutor a video-taped statement of the events surrounding the death of Mr. Merriman.[1] Also, after Smith submitted to a polygraph examination, and following numerous requests by Smith's counsel, the prosecutor indicated that he would not oppose a dismissal of the case and instructed defense counsel to prepare a motion and order of

---

[1]The record does not contain a copy of the video-taped statement nor a verbal transcription.

dismissal of the original proceeding. Smith's counsel prepared the motion to dismiss and the order of dismissal, which were submitted to the court.

## MOTION TO DISMISS INDICTMENT

Now comes the Defendant, SEAN ALLEN SMITH and files his Motion to Dismiss Indictment in this case and in support of this Motion shows as follows:

I.

In the interest of justice and based upon the evidence, the indictment pending against Sean Allen Smith should be dismissed.

II.

Jim B. Brown, attorney for SEAN ALLEN SMITH has conferred with the office of the Randall County Criminal District Attorney and the Randall County Criminal District Attorney's office has no objection to the indictment being dismissed.

**WHEREFORE**, Defendant prays this motion be granted.

/s/ Jim B. Brown
Attorney at Law

## ORDER ON MOTION TO DISMISS INDICTMENT

On the 20th day of April, 1993, the Motion to Dismiss the Indictment pending against the Defendant, SEAN ALLEN SMITH, was presented to the Court.

The Court finds that in the interest of justice and based upon the evidence, the motion should be granted.

**IT IS THEREFORE ORDERED** that the indictment pending against the Defendant, SEAN ALLEN SMITH, in the above-entitled and numbered cause is hereby dismissed.

DATED: April 20, 1993

3

The State did not join in the motion or approve the order of dismissal in writing, however, when the motion was considered and before the order of dismissal was signed, an assistant district attorney verbally announced that the State "did not oppose" the relief requested by Smith. Obviously, from the Smith motion and order of dismissal, Smith did not request that the original proceeding be dismissed "with prejudice." Although the Smith motion and order of dismissal recite that they are based in part "on the evidence," the record herein does not contain a record of the evidence presented to the trial court in support of the motion and the basis for the order of dismissal.

After James Farren took office as the Criminal District Attorney on January 1, 1995, he conducted a review of the evidence and investigation following the death of Mr. Merriman. Based upon his review, he determined that grounds existed to again present the matter to the grand jury, and on August 23, 1995, Smith was again indicted for murder of Mr. Merriman, which was docketed as cause number 9444-C in the 251st District Court. Among other pre-trial motions not relevant for these purposes, Smith filed his Amended Motion to Enforce Agreement with Prosecutor which was heard on September 17, 1996. After hearing evidence and admitting documentary evidence, the trial court signed its order dated

4

September 17, 1996, denying Smith's motion to enforce the alleged agreement with the prosecutor. Following his plea of not guilty, the jury found Smith guilty of murder and assessed his punishment at ten years, probated and a $10,000.00 fine.

Smith presents three issues by which he seeks a reversal and rendition of his conviction. By issue one, he contends the trial court erred in refusing to enforce the non-prosecution agreement. By his second issue, he asserts the trial court erred in finding that the order of dismissal in the original proceeding was not with prejudice, and by his third issue, he urges the trial court erred in not finding as a matter of law that prosecution was barred as a result of the agreement between Smith and the State. Although Smith presents the three issues in the same argument, we first consider his second issue and then consider issues one and three together.

By issue two, Smith contends the trial court erred in finding that the order of dismissal dated April 20, 1993, in the original proceeding was not with prejudice. We disagree. Because grounds seeking a reversal cannot be raised for the first time on appeal, except upon an allegation of jurisdictional error, Tex. R. App. P. 33.1; Caldwell v. State, 962 S.W.2d 706, 707 (Tex.App.--Fort Worth 1998, no pet.), we have reviewed Smith's motion and the record to determine if the issue was raised below. At the pre-trial hearing,

5

Smith introduced his motion for dismissal and the April 20, 1993 order into evidence, without reservation or qualification. Although his amended motion to enforce the alleged agreement states the trial court "dismissed" the original proceeding, it does not allege or assert that the original proceeding was dismissed "with prejudice," or that the April 20, 1993 order was incorrect or incomplete because of fraud, accident, mistake or any other reason. Accordingly, because the ground was not raised in the trial court, issue two presents nothing for review.

Moreover, the plain provisions of a written order are controlling. Flores v. State, 524 S.W.2d 71, 72 (Tex.Cr.App. 1975); Hubbard v. State, 896 S.W.2d 359, 361 (Tex.App.--Houston [1st Dist.] 1995, no pet.). Smith's motion for dismissal did not request that the case be dismissed "with prejudice" and the State's announcement that it "did not oppose the relief requested" effectively limited its announcement to an ordinary dismissal, not a dismissal "with prejudice." Therefore, because the order of dismissal in the original proceeding did not state that the dismissal was "with prejudice" it did not prevent the grand jury from returning a subsequent indictment charging the same transaction. Ex Parte Williams, 379 S.W.2d 911, 912 (Tex.Cr.App. 1964). Issue number two is overruled.

Smith's first and third issues assert trial court error in (1) refusing to enforce the non-prosecution agreement, and (3) in not finding as a matter of law that the prosecution of Smith was barred by the agreement. In response, among other contentions, the State asserts that (1) Smith failed to establish the existence of a mutual agreement and (2) the alleged agreement for immunity or not to prosecute was not enforceable because the trial court did not approve any such agreement. Because we agree that the State's second contention is dispositive of this appeal, we will limit our analysis to the essential element of trial court approval of the alleged agreement.

Agreements for immunity must be supported by the approval of the trial court. Washburn v. State, 164 Tex. Crim. 448, 299 S.W.2d 706, 707 (1956), citing former Tex. Code Crim. Proc. Ann. art. 577 current version at Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon 1989).[2] Even if an immunity agreement may be entirely oral, a question we do not now decide, article 32.02 does provide that the trial court may dismiss an action, upon the State's "filing a written statement with the papers in the case setting out his reasons for such dismissal, which shall be incorporated into the judgment of dismissal." In Zani v. State, 701 S.W.2d 249, 253

_____

[2]All references to articles are to the Texas Code of Criminal Procedure Annotated (Vernon 1989).

7

(Tex.Cr.App. 1985),[3] the Court of Criminal Appeals again held that a grant of immunity requires the "knowledge and consent of the district judge" and that the rule is now "embodied" at article 32.02. Zani is otherwise distinguishable from this case however, because the immunity agreement in Zani was reduced to writing and signed by the district attorney, Zani, five or six witnesses, and the two district judges in the county, and the agreement was entered into before Zani was indicted.

Regarding the essential element of knowledge of the agreement and approval or consent of the trial judge, in summary, this record shows that (1) the State did not file a written statement of its reasons for the dismissal as required by article 32.02, (2) the Smith motion did not set out or otherwise inform the court of the alleged agreement, (3) the record does not contain a record of the "evidence," if any, which was presented to the trial court in support of the motion to dismiss, (4) Smith's motion to enforce the agreement did not allege that the trial court approved the agreement, (5) the order of dismissal did not recite that the court approved the agreement, (6) the docket sheet in the original proceeding did not make reference to any agreement or indicate that

---

[3]The Court of Appeals opinion, Zani v. State, 657 S.W.2d 196, 198 (Tex.App.--San Antonio 1983), reflects that the immunity agreement was (1) before indictment, (2) in written form, (3) signed by the district attorney, (4) approved and accepted by the two district judges in the county, and (5) was signed by Zani and five or six witnesses.

the court approved any agreement, and (7) the order of dismissal did not contain the phrase "with prejudice" or other words or phrases of similar import. Moreover, at the pre-trial hearing, the following colloquy occurred between the trial judge and Smith's counsel:

> THE COURT: The Court dismissed the case upon the joint motion of the parties without knowledge of the agreement.
>
> MR. KELLY: I agree with that. The Court was not part of the bargaining process but the Court did . . . the Court approved, not necessarily the agreement entered into, but approved the dismissal of the case.

Because counsel's candid statement to the trial court is clear, definite and unambiguous on the issue of the court's knowledge and approval of the agreement and is also consistent with the seven other matters set forth above, it amounts to a judicial admission and constitutes evidence that the trial court did not have knowledge of, and did not approve the asserted oral agreement. Davidson v. State, 737 S.W.2d 942, 948 (Tex.App.--Amarillo 1987, pet. ref'd).

Under this record, whether Smith had the burden to establish approval of the agreement by the trial court, or the State had the burden to prove that the trial court did not approve the agreement, need not be decided because the evidence established that the alleged oral agreement for immunity was not approved by the trial court as a matter of law. Moreover, the evidence was undoubtedly

9

sufficient to support an implied finding of fact, binding on this Court, that the agreement was not approved upon the signing of the order of dismissal, which did not contain the phrase "with prejudice" or other words of similar import. Tex. Code Crim. Proc. Ann. art. 27.04 (Vernon 1989); Simon v. State, 624 S.W.2d 411, 413 (Tex.App.--Dallas, 1981, pet. ref'd). Issues one and three are overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice


Publish.