SEAN SMITH V STATE



NO. 07-97-0070-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 28, 1998



______________________________




SEAN ALLEN SMITH, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;



NO. 9444-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________




Before BOYD, C.J., and QUINN and REAVIS, JJ.


 Contending the trial court erred in denying his motion to
enforce an oral agreement with the former prosecutor not to
prosecute, appellant Sean Allen Smith, appeals from a judgment
decreeing that he is guilty of committing the offense of murder.
After a jury finding of guilt, punishment was assessed by the jury
at ten years confinement in the Texas Department of Criminal
Justice-Institutional Division, probated and a fine of $10,000.00.
Based on the rationale expressed herein, we affirm the judgment.

 Smith, along with five other persons, was initially indicted
for the offense of capital murder of Hilton Raymond Merriman, Sr.,
on May 22, 1990, which was docketed under cause number 6988-C in
the 251st District Court of Randall County, herein referred to as
the "original proceeding." At that time, Randy Sherrod was the
Criminal District Attorney for Randall County and he served in that
capacity until January 1, 1995, when James Farren assumed the
duties of Criminal District Attorney. Soon after his engagement,
defense counsel for Smith initiated contacts with the prosecutor's
office and explored the possibilities of an immunity agreement for
Smith in exchange for Smith's testimony at the trials of the other
co-defendants. According to Smith, his trial counsel and
prosecuting attorneys entered into an oral agreement providing that
the original proceeding would be dismissed, with prejudice, and
that no new charges would be filed against Smith in exchange for
his testimony against his co-defendants.

 Pursuant to the asserted agreement, Smith gave the prosecutor
a video-taped statement of the events surrounding the death of Mr.
Merriman. (1) Also, after Smith submitted to a polygraph examination,
and following numerous requests by Smith's counsel, the prosecutor
indicated that he would not oppose a dismissal of the case and
instructed defense counsel to prepare a motion and order of
dismissal of the original proceeding. Smith's counsel prepared the
motion to dismiss and the order of dismissal, which were submitted
to the court.

MOTION TO DISMISS INDICTMENT


 Now comes the Defendant, SEAN ALLEN SMITH and files
his Motion to Dismiss Indictment in this case and in
support of this Motion shows as follows:


I.



 In the interest of justice and based upon the
evidence, the indictment pending against Sean Allen Smith
should be dismissed.


II.



 Jim B. Brown, attorney for SEAN ALLEN SMITH has
conferred with the office of the Randall County Criminal
District Attorney and the Randall County Criminal
District Attorney's office has no objection to the
indictment being dismissed.


 WHEREFORE, Defendant prays this motion be granted.



 /s/ Jim B. Brown 

 Attorney at Law




ORDER ON MOTION TO DISMISS INDICTMENT



 On the 20th day of April, 1993, the Motion to
Dismiss the Indictment pending against the Defendant,
SEAN ALLEN SMITH, was presented to the Court.


 The Court finds that in the interest of justice and
based upon the evidence, the motion should be granted.


 IT IS THEREFORE ORDERED that the indictment pending
against the Defendant, SEAN ALLEN SMITH, in the above-entitled and numbered cause is hereby dismissed.


 DATED: April 20, 1993



 /s/ Patrick A. Pirtle

 JUDGE PRESIDING


The State did not join in the motion or approve the order of
dismissal in writing, however, when the motion was considered and
before the order of dismissal was signed, an assistant district
attorney verbally announced that the State "did not oppose" the
relief requested by Smith. Obviously, from the Smith motion and
order of dismissal, Smith did not request that the original
proceeding be dismissed "with prejudice." Although the Smith
motion and order of dismissal recite that they are based in part
"on the evidence," the record herein does not contain a record of
the evidence presented to the trial court in support of the motion
and the basis for the order of dismissal.

 After James Farren took office as the Criminal District
Attorney on January 1, 1995, he conducted a review of the evidence
and investigation following the death of Mr. Merriman. Based upon
his review, he determined that grounds existed to again present the
matter to the grand jury, and on August 23, 1995, Smith was again
indicted for murder of Mr. Merriman, which was docketed as cause
number 9444-C in the 251st District Court. Among other pre-trial
motions not relevant for these purposes, Smith filed his Amended
Motion to Enforce Agreement with Prosecutor which was heard on
September 17, 1996. After hearing evidence and admitting
documentary evidence, the trial court signed its order dated
September 17, 1996, denying Smith's motion to enforce the alleged
agreement with the prosecutor. Following his plea of not guilty,
the jury found Smith guilty of murder and assessed his punishment
at ten years, probated and a $10,000.00 fine. 

 Smith presents three issues by which he seeks a reversal and
rendition of his conviction. By issue one, he contends the trial
court erred in refusing to enforce the non-prosecution agreement. 
By his second issue, he asserts the trial court erred in finding
that the order of dismissal in the original proceeding was not with
prejudice, and by his third issue, he urges the trial court erred
in not finding as a matter of law that prosecution was barred as a
result of the agreement between Smith and the State. Although
Smith presents the three issues in the same argument, we first
consider his second issue and then consider issues one and three
together. 

 By issue two, Smith contends the trial court erred in finding
that the order of dismissal dated April 20, 1993, in the original
proceeding was not with prejudice. We disagree. Because grounds
seeking a reversal cannot be raised for the first time on appeal,
except upon an allegation of jurisdictional error, Tex. R. App. P.
33.1; Caldwell v. State, 962 S.W.2d 706, 707 (Tex.App.--Fort Worth
1998, no pet.), we have reviewed Smith's motion and the record to
determine if the issue was raised below. At the pre-trial hearing,
Smith introduced his motion for dismissal and the April 20, 1993
order into evidence, without reservation or qualification. 
Although his amended motion to enforce the alleged agreement states
the trial court "dismissed" the original proceeding, it does not
allege or assert that the original proceeding was dismissed "with
prejudice," or that the April 20, 1993 order was incorrect or
incomplete because of fraud, accident, mistake or any other reason.
Accordingly, because the ground was not raised in the trial court,
issue two presents nothing for review.

 Moreover, the plain provisions of a written order are
controlling. Flores v. State, 524 S.W.2d 71, 72 (Tex.Cr.App. 
1975); Hubbard v. State, 896 S.W.2d 359, 361 (Tex.App.--Houston
[1st Dist.] 1995, no pet.). Smith's motion for dismissal did not
request that the case be dismissed "with prejudice" and the State's
announcement that it "did not oppose the relief requested"
effectively limited its announcement to an ordinary dismissal, not
a dismissal "with prejudice." Therefore, because the order of
dismissal in the original proceeding did not state that the
dismissal was "with prejudice" it did not prevent the grand jury
from returning a subsequent indictment charging the same
transaction. Ex Parte Williams, 379 S.W.2d 911, 912 (Tex.Cr.App.
1964). Issue number two is overruled.

 Smith's first and third issues assert trial court error in (1)
refusing to enforce the non-prosecution agreement, and (3) in not
finding as a matter of law that the prosecution of Smith was barred
by the agreement. In response, among other contentions, the State
asserts that (1) Smith failed to establish the existence of a
mutual agreement and (2) the alleged agreement for immunity or not
to prosecute was not enforceable because the trial court did not
approve any such agreement. Because we agree that the State's
second contention is dispositive of this appeal, we will limit our
analysis to the essential element of trial court approval of the
alleged agreement.

 Agreements for immunity must be supported by the approval of
the trial court. Washburn v. State, 164 Tex. Crim. 448, 299 S.W.2d
706, 707 (1956), citing former Tex. Code Crim. Proc. Ann. art. 577
current version at Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon
1989). (2) Even if an immunity agreement may be entirely oral, a
question we do not now decide, article 32.02 does provide that the
trial court may dismiss an action, upon the State's "filing a
written statement with the papers in the case setting out his
reasons for such dismissal, which shall be incorporated into the
judgment of dismissal." In Zani v. State, 701 S.W.2d 249, 253
(Tex.Cr.App. 1985), (3) the Court of Criminal Appeals again held that
a grant of immunity requires the "knowledge and consent of the
district judge" and that the rule is now "embodied" at article
32.02. Zani is otherwise distinguishable from this case however,
because the immunity agreement in Zani was reduced to writing and
signed by the district attorney, Zani, five or six witnesses, and
the two district judges in the county, and the agreement was
entered into before Zani was indicted. 

 Regarding the essential element of knowledge of the agreement
and approval or consent of the trial judge, in summary, this record
shows that (1) the State did not file a written statement of its
reasons for the dismissal as required by article 32.02, (2) the
Smith motion did not set out or otherwise inform the court of the
alleged agreement, (3) the record does not contain a record of the
"evidence," if any, which was presented to the trial court in
support of the motion to dismiss, (4) Smith's motion to enforce the
agreement did not allege that the trial court approved the
agreement, (5) the order of dismissal did not recite that the court
approved the agreement, (6) the docket sheet in the original
proceeding did not make reference to any agreement or indicate that
the court approved any agreement, and (7) the order of dismissal
did not contain the phrase "with prejudice" or other words or
phrases of similar import. Moreover, at the pre-trial hearing, the
following colloquy occurred between the trial judge and Smith's
counsel:

 THE COURT: The Court dismissed the case upon the joint
motion of the parties without knowledge of the agreement.

 MR. KELLY: I agree with that. The Court was not part of
the bargaining process but the Court did . . . the Court
approved, not necessarily the agreement entered into, but
approved the dismissal of the case.


Because counsel's candid statement to the trial court is clear,
definite and unambiguous on the issue of the court's knowledge and
approval of the agreement and is also consistent with the seven
other matters set forth above, it amounts to a judicial admission
and constitutes evidence that the trial court did not have
knowledge of, and did not approve the asserted oral agreement.
Davidson v. State, 737 S.W.2d 942, 948 (Tex.App.--Amarillo 1987,
pet. ref'd).

 Under this record, whether Smith had the burden to establish
approval of the agreement by the trial court, or the State had the
burden to prove that the trial court did not approve the agreement,
need not be decided because the evidence established that the
alleged oral agreement for immunity was not approved by the trial
court as a matter of law. Moreover, the evidence was undoubtedly
sufficient to support an implied finding of fact, binding on this
Court, that the agreement was not approved upon the signing of the
order of dismissal, which did not contain the phrase "with
prejudice" or other words of similar import. Tex. Code Crim. Proc.
Ann. art. 27.04 (Vernon 1989); Simon v. State, 624 S.W.2d 411, 413
(Tex.App.--Dallas, 1981, pet. ref'd). Issues one and three are
overruled. 

 Accordingly, the judgment of the trial court is affirmed.



 Don H. Reavis

 Justice









Publish.
1. The record does not contain a copy of the video-taped
statement nor a verbal transcription.
2. All references to articles are to the Texas Code of Criminal
Procedure Annotated (Vernon 1989).
3. The Court of Appeals opinion, Zani v. State, 657 S.W.2d 196,
198 (Tex.App.--San Antonio 1983), reflects that the immunity
agreement was (1) before indictment, (2) in written form, (3)
signed by the district attorney, (4) approved and accepted by the
two district judges in the county, and (5) was signed by Zani and
five or six witnesses.