**Ex parte James WILLIAMS, Jr.**

**No. 36881.**

Court of Criminal Appeals of Texas.

May 6, 1964.

Rehearing Denied June 27, 1964.

**912**

Frank Y. Hill, Jr., San Antonio, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

By writ of habeas corpus filed in the 175th District Court of Bexar County, the appellant sought his final discharge from an accusation of passing a forged instrument, on the ground that he had been deprived of his constitutionally guaranteed right to a speedy trial.

From an order refusing to discharge him after a hearing, the appellant gave notice of appeal.

The evidence at the beginning of the hearing revealed that appellant was held under an indictment returned on August 14, 1963. There was no activity by either side in this cause until January 13, 1964, when it was called for trial, and on motion of the state due to the absence of a witness, it was reset for February 10, and on that day it was again reset for February 12, for the same reason. On February 12, because of the absence of the same witness, the state sought another continuance which was denied. The state immediately filed a motion to dismiss the indictment, which was granted, and an order of dismissal was entered

February 12. At this time appellant requested the trial court to discharge him but the request was refused.

On application of appellant, a writ of habeas corpus was issued on February 12, returnable at 3 p. m., that day, at which time a hearing began on the writ, but the hearing was recessed from time to time on request of the state until February 21, when the court denied appellant any relief on the writ.

The evidence further shows that, on February 19, before the conclusion of the hearing on the writ, an indictment was returned by the Bexar County grand jury into the 144th District Court, charging the same transaction against appellant as charged in the case dismissed on February 12, and he was taken into custody by a warrant based on the second indictment.

■ The dismissal of an indictment does not prevent the grand jury from returning a subsequent indictment charging the same transaction. Ex parte Drane, 80 Tex.Cr.R. 543, 191 S.W. 1156; Whitehead v. State, 162 Tex.Cr.R. 507, 286 S.W.2d 947.

■ It appears that, on February 19, the appellant was taken into custody under an indictment returned by a legal grand jury into a court of competent jurisdiction, charging him with the offense of passing a forged instrument; and that the indictment is regular on its face, and is based upon a valid law under which such an offense could be charged. 27 Tex.Jur.2d 678, Sec. 15; Ex parte Drane, supra; Ex parte McKay, 82 Tex.Cr.R. 221, 199 S.W. 637.

From the record it appears that the appellant is legally restrained by virtue of an arrest warrant based on a valid indictment. The contention presented by the appellant may be raised when he is called upon to answer the new indictment.

The judgment is affirmed.

Opinion approved by the Court.