James Rupert HUGHES, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–00–043–CR.

Court of Appeals of Texas,
Waco.

March 22, 2000.

Joy L. Alexander, Hamilton, for appellant.

B.J. Shepherd, Dist. Atty., Martin L. Peterson, Asst. Dist. Atty., Meridian, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

TOM GRAY, Justice.

A man was charged with the misdemeanor offense of Driving While Intoxicated. The county attorney dismissed the complaint against him. He was then indicted for felony DWI based on the same conduct. Is the State barred from prosecuting the felony because of the previous dismissal? No. The judgment of the trial court is affirmed.

### BACKGROUND

In July of 1999, James Rupert Hughes was charged by information and complaint with the misdemeanor offense of Driving While Intoxicated. A notice was sent to Hughes requiring his appearance before the County Court of Hamilton County for docket call on September 14, 1999. Sometime before the 14th, Hughes and his bondsman met with the county judge to discuss the merits of Hughes's case. The State was not present for this meeting.[1] The county judge informed the county attorney, after his discussions with Hughes, that he believed Hughes's story and believed the case ought to be dismissed. The county attorney drew up a dismissal, marking "insufficient evidence" as the reason for dismissal, and presented it to the county judge. It was signed on September 13, 1999.

On September 17, 1999, the grand jury returned an indictment against Hughes for the same conduct of Driving While Intoxicated. Evidence was presented that Hughes had been twice convicted of driving while intoxicated. These prior convictions enhanced the offense to a third degree felony. TEX. PEN.CODE ANN. § 49.09 (Vernon Supp.2000).

Hughes subsequently filed an Application for Writ of Habeas Corpus with the District Court of Hamilton County. The

writ was issued, and a hearing was held on the merits of Hughes's claim. After both parties presented arguments, testimony and briefs, the district court denied Hughes's application by letter on December 8, 1999. The court signed an order denying relief on January 5, 2000. Hughes timely appealed the denial to this Court and brings two issues for review. *See Ex parte Bui*, 983 S.W.2d 73, 74 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd); *see also* TEX.R.APP. P. 31.

### JURISDICTION

Although the parties do not raise any jurisdictional concerns, we will address our jurisdiction to consider this appeal. It is now settled that an appeal from a denial of relief after the issuance of a pretrial writ of habeas corpus where the defendant has alleged that a trial on the merits will subject the defendant to double jeopardy is appropriate. *Stephens v. State*, 806 S.W.2d 812, 814 (Tex.Crim.App.1990); *Ex parte Brown*, 925 S.W.2d 111, 112 (Tex. App.—Amarillo 1996, no pet.). That being so, a defendant may appeal a district court order denying relief on the merits of his habeas claim. *Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Crim.App.1991). However, no appeal lies from the refusal to issue a writ of habeas corpus unless the trial court, nevertheless, addressed the merits of the claim raised. *Id.* 869; *Ex parte Gonzales*, 12 S.W.3d 913, (Tex. App.—Austin 2000, n.p.h.).

The trial court stated by letter that Hughes's *application* was denied. Because a writ was issued and the merits of the claim were addressed, we have jurisdiction to consider Hughes's appeal. *See Hargett*, 819 S.W.2d at 869.

### DOUBLE JEOPARDY

In his first issue, Hughes claims that the district court erred in denying his

1. This meeting was prior to the date of the docket call. It was without notice to or opportunity to be heard by the State and its witnesses. Under these circumstances, it was not, and could not be, a trial on the merits at

which jeopardy would attach. *See Ex parte George*, 913 S.W.2d 523, 525 (Tex.Crim.App. 1995). From the record before us, this appears to have been a questionable ex-parte communication.

requested relief because a trial of the felony offense is barred by the dismissal of the misdemeanor offense. The Code of Criminal Procedure provides that the State may dismiss a criminal action at any time as long as the judge presiding over the action consents to the dismissal. TEX.CODE CRIM. PROC. art. 32.02 (Vernon 1989). It is well settled that the dismissal of a cause does not prevent the grand jury from returning a subsequent indictment charging the same transaction. *Ex parte Williams,* 379 S.W.2d 911, 912 (Tex.Crim.App.1964). This is especially so when the dismissal does not indicate that the cause was dismissed "with prejudice." *Smith v. State,* 979 S.W.2d 379, 381 (Tex.App.—Amarillo 1998, no pet.).

■ The dismissal of the misdemeanor cause does not indicate that it was dismissed "with prejudice." Therefore, the dismissal is not a bar to a subsequent indictment and prosecution of the felony cause. Hughes's first issue is overruled.

COLLATERAL ESTOPPEL

■ In his second issue, Hughes contends that the State is collaterally estopped from prosecuting the felony cause. Hughes did not present this argument to the district court in either his written application for habeas corpus, his arguments or his brief. He has not preserved his complaint for our review. *See* TEX.R.APP. P. 33.1. His second issue is overruled.

CONCLUSION

Having overruled Hughes's two issues, we affirm the judgment of the trial court.

Hughes's Motion for Order Staying Further Proceedings in Trial Court During Pendency of Appeal is hereby dismissed as moot.

