NO. 07-04-0418-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 20, 2004

_____

IN RE FRANK DWIGHT CARTER, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

By this original proceeding, relator Frank Dwight Carter, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Mackey K. Hancock, Judge of the 99th District Court of Lubbock County, to dismiss his aggravated robbery charge and find that his conviction is void. Under applicable principles of law, mandamus relief is denied.

According to the documents filed by relator, he was indicted for aggravated robbery in 1989. That same year, the State filed a motion to dismiss the indictment in cause number 89-409,601, indicating that on July 7, 1989, relator had been re-indicted in cause number 89-409,752. Pursuant to the State's request, on July 12, 1989, the trial court

signed an order dismissing cause number 89,409,601. *See* Tex. Code Crim. Proc. Ann. art. 32.02 (Vernon 1989) (providing that the State may dismiss a criminal prosecution at any time with permission of the trial court). A certified copy of the motion to dismiss and the trial court's dismissal order are included with relator's documents. *See* Tex. R. App. P. 52.3(j)(1)(A). Appellant was convicted of aggravated robbery pursuant to a subsequent indictment, and on June 12, 1990, was sentenced to confinement for life. Per relator's statements, this Court affirmed the conviction on May 1, 1992.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Relator is entitled to mandamus relief if he establishes (1) the act sought to be compelled is purely ministerial and (2) he has no other adequate legal remedy. State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex.Cr.App. 2003). The ministerial act requirement is satisfied if relator establishes a "clear right to the relief sought" with nothing left to the exercise of discretion or judgment. *Id*.

Relator argues that the trial court was without jurisdiction over the re-indicted offense and that his conviction is void as a matter of law. By his prayer for relief he requests that Judge Hancock be directed to comply with the dismissal order entered in the first indicted offense in cause number 89-409,601.

2

It is well settled that dismissal of an indictment does not prevent the grand jury from returning a subsequent indictment charging the same offense. Ex parte Williams, 379 S.W.2d 911, 912 (Tex.Cr.App. 1964); *see also* Hughes v. State, 16 S.W.3d 429, 431 (Tex.App.–Waco 2000, no pet.). Furthermore, when the dismissal order does not indicate that the case was dismissed "with prejudice," it does not operate as a bar to a subsequent indictment and prosecution. *Hughes*, 16 S.W.3d at 431. The certified copy of the dismissal order provided by relator does not recite that it was dismissed "with prejudice."

The copy of the order included with relator's petition establishes that the trial court dismissed the first indictment. Also, by his own words, relator acknowledges that he filed a direct appeal of his conviction based on the subsequent indictment, which was affirmed. Thus, relator has not demonstrated any entitlement to mandamus relief.

Accordingly, the petition for writ of mandamus is denied.

Don H. Reavis
Justice

3