COURT OF APPEALS














COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL PASO, TEXAS

 

ERIC JEROME OLIVAS,                                     )

                                                                              )              
No.  08-05-00171-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
112th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of Pecos County, Texas

Appellee.                           )

                                                                              )                      (TC# 2538)

 

 

O
P I N I O N

 

Eric Jerome Olivas
appeals his conviction for sexual assault of a child.  Appellant brings two issues:  (1) that the trial court erred by allowing
the case to proceed on an indictment allegedly filed after the term of the
grand jury had ended; and (2) that the trial court erred by allowing the case
to proceed when a concurrent indictment charging the same offense was dismissed
with prejudice.  We affirm.

In a voluntary
statement to Officer Gerald A. Villalobos, Appellant stated that he met
the  complainant while riding around in a
pickup with two friends on or about June 2, 2004.  The complainant and a female companion were
riding in another car.  After parking
their car, the two girls joined Appellant and his friends to Acruise around@
in the pickup.  At some point, the
Appellant said complainant told him she Awanted
to have sex with [him] and hook up with [him].@








Appellant and
complainant later left together and went to Appellant=s
grandfather=s
house  to Abe
alone.@  Appellant and complainant parked in front of
the house and began to Akiss
and make out.@  Appellant stated that he asked complainant Aif she wanted to have sex.@ 
Appellant admitted that both he and complainant took off their clothes
and had sexual intercourse.  Appellant
indicated that later that evening, complainant performed oral sex on him until
he told her to stop.  Appellant then took
the complainant and her companion home.

Appellant was
subsequently indicted on two counts of sexual assault of a child.  The State filed a motion to dismiss the
indictment in cause number 2528 indicating that the case had been re-indicted
under cause number 2538.  Pursuant to the
State=s
request, the trial court signed an order dismissing cause number 2528.  Appellant was re-indicted under cause number
2538 on four counts:  (1) sexual assault
of a child; (2) indecency with a child; and (3) two counts of unlawful
restraint.  The State eventually
abandoned the two counts alleging unlawful restraint.

Prior to trial,
Appellant filed a motion to quash and exception to form of the indictment,  a motion to dismiss the indictment based on
improper jury procedures, and a motion to dismiss the cause due to an alleged
dismissal Awith
prejudice@ of cause
number 2528 as well as Aprosecutorial
vindictiveness.@  The trial court granted Appellant a hearing
on the motion to quash and exception to form and the motion to dismiss for
improper grand jury procedures but ultimately denied both.  The trial court also overruled the motion to
dismiss the cause based on an alleged dismissal Awith
prejudice@ and Aprosecutorial vindictiveness.@

Appellant pleaded
not guilty to the charges.  A jury found
him guilty of sexual assault of a child but not guilty on the count of
indecency with a child.  Appellant was
placed on community supervision for a period of ten years and assessed a fine
of $6,000.








In Issue One,
Appellant argues that the trial court erred in allowing the case to proceed on
an indictment which was file stamped by the clerk on November 1, 2004, because
that date was after the expiration of the July 2004 term of the grand jury.[1]  We disagree. 
It is undisputed that the file stamp on the indictment read November 1,
2004.  However, it is also undisputed
that the grand jury returned indictments to the district clerk prior to the
date the indictments were file stamped. 
An indictment is properly presented when it has been acted on by the
grand jury and received by the court.  Tex.Code Crim.Proc.Ann. ' 12.06 (Vernon 2005).  Further, the indictment may be delivered to
either the judge or the clerk of the court. 
Tex.Code Crim.Proc.Ann. ' 20.21 (Vernon 2005).

The date file
marked on the indictment is not controlling and Appellant directs our attention
to no case law which would indicate otherwise. 
The rule in criminal cases is the same as in civil cases, that is,
documents are deemed Afiled@ when they are actually left with the
clerk, not when they are file marked.  See
Williams v. State, 767 S.W.2d 868, 871-72 (Tex.App.--Dallas 1989, pet. ref=d); see also Todd v. State, 911
S.W.2d 807, 811 (Tex.App.‑‑El Paso 1995, no pet.), citing Queen
v. State, 701 S.W.2d 314, 315‑16 (Tex.App.‑‑Austin 1985,
pet. ref=d.)(stating
information properly presented when delivered to the district clerks
office).  








At a hearing on
the motion to quash and exception to form of the indictment and the motion to
dismiss the indictment for improper jury procedures, the State called three
witness to testify about the procedures of the District Clerk=s Office in Pecos County.  The first witness, Deputy District Clerk Lori
Diebitsch, testified that the grand jury actually met the week before November
1, 2004, around the 27th or 28th of October, 2004.  Further, she testified that indictments are not
complete when they are given to the clerk. 
She stated they are only complete after the bonds had been set.  She testified that after the bonds are set,
the indictments are file stamped and assigned numbers.  She stated that the indictments were not file
stamped until after the bond was added because once a document is file stamped,
it could not be altered.

The State then
called Pam Rubio who worked at the District Attorney=s
office.  Ms. Rubio=s responsibilities included working
with the grand juries that met for the 112th Judicial District.  She testified that she was responsible for
sending out notices to all of the law enforcement agencies who were involved in
a particular case.  She stated that she
sent out a letter setting up witnesses for the October grand jury on October
13, 2004.  She also stated that the
letter indicated to the witnesses that the grand jury would meet on Wednesday,
October 27, and that Appellant was one of the defendants set by the letter.

The last witness
called by the State was Lisa Villarreal, the elected District Clerk for Pecos County.  She testified that she was personally aware
that the grand jury met on October 27, 2004, because she was the one who
accepted the indictments after they were done. 
She stated that she always goes into the room and asks whether there
were any unauthorized persons in the room during deliberations and if there
were at least nine affirmative votes. 
She testified that she prepared the minutes of the court which reflected
on what day the grand jury met and which indictments were returned.  The State introduced the minutes into
evidence.  In addition, she stated that
Appellant was listed in the minutes and that his indictment was returned in
cause number 2538.








It is clear that
the indictment in this case was delivered to the district clerk prior to the
file mark of November 1, 2004.  We
conclude that the indictment in cause number 2538 was properly returned prior
to the end of the term of the grand jury. 
Issue One is therefore overruled.

In Issue Two,
Appellant argues that the trial court erred in allowing the case to proceed on
the indictment in cause number 2538 when the indictment in cause number 2528
charging the same offense had been dismissed with prejudice upon the motion of
the State.[2]  Appellant bases his argument primarily on the
motion to dismiss filed by the State. 
The motion states:

NOW COMES the State of
Texas by and
through her Attorney, and respectfully requests the Court to dismiss the above
entitled and numbered criminal action in which the defendant is charged with
the offense of Sexual Assault of a Child, for the reason:

 

                                                              .               .               .

 

this case has been re-indicted under
Cause No. 2538

 

WHEREFORE, it is
prayed that the above entitled and numbered cause be dismissed with prejudice.

 

Appellant argues that because the
trial court granted the motion of the State to dismiss with prejudice, it was
barred from prosecuting Appellant under indictment number 2538.  Again, we must disagree.

For a dismissal to
operate as a bar to subsequent indictment and prosecution, the dismissal order
of the trial court must specifically state that the dismissal is Awith prejudice.@  See Hughes v. State, 16 S.W.3d 429,
431 (Tex.App.‑-Waco 2000, no pet.). 
In this case, the order of the trial court is as follows:








The foregoing motion
having been presented to me on this the 12th day of November, 2004, and the
same having been considered, it is, therefore, ORDERED, ADJUDGED and DECREED
that said above entitled and numbered cause be and the same is hereby
dismissed.

 

Here the order of
the trial court did not incorporate the motion of the State, nor did it
indicate in any way that it was granting the motion of the State.  Rather, the order indicated that after
considering the motion, the court was ordering that cause number 2528 be dismissed.[3]   Because the order of the trial court did not
indicate that the cause was dismissed Awith
prejudice,@ the
State was not barred from proceeding under cause number 2538.  Issue Two is therefore overruled.

Accordingly, we
affirm the trial court=s
judgment.

 

 

 

August
24, 2006

DAVID WELLINGTON
CHEW, Justice

 

Before Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant=s AMotion To Quash And Exception To Form
Of Indictment@ as well
as a AMotion To
Dismiss Indictment For Improper Grand Jury Procedures@
filed in the trial court alleged the same grounds as Issue One.





[2]
Appellant filed a Amotion to
dismiss@ based on
the same argument with the trial court.





[3]
We decline to read into the order of the trial court.  To go behind the order and consider the court=s intent by inserting words which were
not originally in the order as signed would, we think, establish a dangerous
precedent.