ACCEPTED
07-14-00296-CR
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
1/6/2015 11:19:11 PM
Vivian Long, Clerk

NO. 07-14-00296-CR

IN THE
COURT OF APPEALS
SEVENTH JUDICIAL DISTRICT
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

1/6/2015 11:19:11 PM

VIVIAN LONG
CLERK

_____

FRANK DWIGHT CARTER
V.
THE STATE OF TEXAS

_____

ON APPEAL FROM THE 364TH DISTRICT COURT
OF LUBBOCK COUNTY, TEXAS
CAUSE NO. 89-409,752

_____

BRIEF FOR THE STATE

_____

MATTHEW D. POWELL
Criminal District Attorney
Lubbock County, Texas

TRAVIS S. WARE
JODY HALL
Assistant Criminal District Attorneys
(Trial Attorneys)

ORAL ARGUMENT NOT REQUESTED

JEFFREY S. FORD
Assistant Criminal District Attorney
Lubbock County, Texas
State Bar No. 24047280
P.O. Box 10536, Lubbock, TX 79408
Phone (806)775-1100
FAX: (806)775-7930
E-mail: JFord@co.lubbock.tx.us
(On Appeal)
**ATTORNEY FOR THE STATE**

<u>Identity of Parties and Counsel</u>

**Appellant:**

Frank Dwight Carter

**Appellant's counsel on motion to set aside judgment & appellate counsel**:

Frank Dwight Carter (*pro se*), 8500 Drury Lane, St. Louis, MO 63147; phone (314)438-0920

**State of Texas:**

At trial:

Travis S. Ware and Jody Hall, Assistant Criminal District Attorneys, Lubbock County Criminal District Attorney's Office, P.O. Box 10536, Lubbock, Texas 79408; phone (806)775-1100; fax (806)775-7930

On appeal:

Jeffrey S. Ford, Assistant Criminal District Attorney, Lubbock County Criminal District Attorney's Office, P.O. Box 10536, Lubbock, Texas 79408; phone (806)775-1100; fax (806)775-7930

**Trial Judge:**

Honorable Thomas L. Clinton, Presiding Judge, 99th District Court of Lubbock County, Texas, Lubbock County Courthouse, 904 Broadway, Suite 332, Lubbock, TX 79401

**Judge on motion to set aside judgment:**

Honorable Brad Underwood, Presiding Judge, 364th District Court of Lubbock County, Texas, Lubbock County Courthouse, 904 Broadway, Suite 320, Lubbock, TX 79401

Table of Contents

Identity of Parties and Counsel ...................................................................................i

Table of Contents ...................................................................................... ii

Table of Authorities ...................................................................................iv

Statement of the Case..................................................................... viii

Statement of the Facts.................................................................................1

Summary of the Argument...................................................................…2

Argument and Authorities………………………………………………......4

First Issue Presented (Responsive to Appellant's First and Second Issues): Appellant argues *via* two issues that the trial court erred in dismissing his motion to set aside judgment because the trial court had jurisdiction to determine that the conviction was and is "void." The Court lacks jurisdiction to hear the attempted appeal because there is no specific statutory authorization for an appeal from the denial of a post-conviction motion to set aside the judgment. Likewise, the trial court lacked jurisdiction to take any action in the case (other than to dismiss the motion for want of jurisdiction) because Appellant sought relief that could only be obtained *via* a post-conviction Article 11.07 application for writ of habeas corpus. Even if the Court does have jurisdiction over this attempted appeal and could consider the merits of the claims in Appellant's motion, however, Appellant's

claims lack merit because the dismissal of an indictment does not prevent a grand jury from returning a subsequent indictment charging the same offense. Does the Court have jurisdiction to hear the attempted appeal of the denial of Appellant's requested post-conviction relief?……………………………………………………...4

    *Discussion*…………………………………………………………………...4

    *Does the Court have jurisdiction to consider the merits of this appeal?*.......5

    *Did the trial court have jurisdiction to decide the merits of the motion?*.......8

    *Is Appellant's conviction void due to dismissal of Cause No. 89-409,601?*.10

Conclusion and Prayer ......................................................................................13

Certificate of Service .......................................................................................14

Certificate of Compliance…………………………………………………14

Table of Authorities

**TEXAS CASE LAW** **PAGE**

*Abbott v. State*, 271 S.W.3d 694 (Tex. Crim. App. 2008)………………………….5, 6

*State v. Aguilera*, 165 S.W.3d 695 (Tex. Crim. App. 2005)………………………….9

*Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991)……..7, 9

*Bean v. State*, No. 11-14-00298-CR, 2014 WL 6997809, 2014 Tex. App. LEXIS 13033 (Tex. App.—Eastland Dec. 4, 2014, no pet.) (*not designated for publication*)……………………………………………………………………………8

*Carter v. State*, No. 07-90-00252-CR (Tex. App.—Amarillo May 1, 1992, pet. ref'd)…………………………………………………………………...viii, 1, 6

*State v. Davis*, 349 S.W.3d 535 (Tex. Crim. App. 2011)…………………………..9

*Dewalt v. State*, 417 S.W.3d 678 (Tex. App.—Austin 2013, pet. ref'd)…………...6

*Ex parte Carter*, No. WR-24,583-14, 2007 WL 3010752, 2007 Tex. Crim. App. Unpub. LEXIS 435 (Tex. Crim. App. Oct. 17, 2007) (*not designated for publication—cited for persuasive purposes only*)…………………………………12, 13

*Ex parte Carter*, No. WR-24,583-15 (Tex. Crim. App. Feb. 25, 2009)…………..12

*Ex parte Carter*, No. WR-24,583-16 (Tex. Crim. App. Feb. 1, 2012)……………12

*Ex parte Williams*, 379 S.W.2d 911 (Tex. Crim. App. 1964)…………………….11

*Gutierrez v. State*, 307 S.W.3d 318 (Tex. Crim. App. 2010)………………………6

*Hernandez-Prado v. State*, No. 13-10-00513-CR, 2011 WL 1205239, 2011 Tex. App. LEXIS 2353 (Tex. App.—Corpus Christi Mar. 31, 2011, no pet.) (*not designated for publication*)……………………………………………………………8

*Hughes v. State*, 16 S.W.3d 429 (Tex. App.—Waco 2000, no pet.)……………...11

*In re Carter*, No. 07-04-0418-CV, 2004 WL 2093375, 2004 Tex. App. LEXIS 8391 (Tex. App.—Amarillo Sept. 20, 2004, no pet.) (*not designated for publication*)........................................................................................................11, 12

*In re Carter*, No. 07-10-00088-CV, 2010 WL 1790779, 2010 Tex. App. LEXIS 3368 (Tex. App.—Amarillo May 5, 2010, no pet.) (*not designated for publication*)…………………………………………………………………..12

*Kurosky v. State*, No. 2-10-00202-CR, 2011 WL 255672, 2011 Tex. App. LEXIS 613 (Tex. App.—Fort Worth Jan. 27, 2011, no pet.) (*mem. op. on petition for discretionary review*) (*not designated for publication*)……………………………8

*Leland v. State*, No. 08-11-00082-CR, 2011 WL 2565647, 2011 Tex. App. LEXIS 4937 (Tex. App.—El Paso June 29, 2011, no pet.) (*not designated for publication*)……………………………………………………………………8

*Lopez v. State*, No. 14-10-00094-CR, 2010 WL 454951, 2010 Tex. App. LEXIS 945 (Tex. App.—Houston [14th Dist.] Feb. 11, 2010, no pet.) (*not designated for publication*)……………………………………………………………………8

*Phynes v. State*, 828 S.W.2d 1 (Tex. Crim. App. 1992)……………………………5

*Raley v. State*, 441 S.W.3d 647 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).8

*State v. Sellers*, 790 S.W.2d 316 (Tex. Crim. App. 1990)…………………………6

*State v. Shelton*, 396 S.W.3d 614 (Tex. App.—Amarillo 2012, pet. ref'd)………...9

*Skinner v. State*, 305 S.W.3d 593 (Tex. Crim. App. 2010)……………………...7, 9

*Wolfe v. State*, 120 S.W.3d 368 (Tex. Crim. App. 2003)………………………..5

**TEXAS RULES AND STATUTES**

TEX. CODE CRIM. PROC. ANN. art. 11.07………………………………...2, 4, 7

TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(a)……………………………………………7, 9

TEX. CODE CRIM. PROC. ANN. art. 12.01(3)(A) (West 1989)……………………..12

TEX. CODE CRIM. PROC. ANN. art. 12.03(d) (West 1989)………………………12

TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (West 1989)………………………12

TEX. CODE CRIM. PROC. ANN. art. 32.02…………………………………………11

TEX. CODE CRIM. PROC. ANN. art. 44.02………………………………………...5-7

TEX. CODE CRIM. PROC. ANN. art. 64.05………………………………………...7

TEX. R. APP. P. 3.2……………………………………………………………...vii

TEX. R. APP. P. 18.1(a)……………………………………………………...7

TEX. R. APP. P. 19.1………………………………………………………...7

TEX. R. APP. P. 19.3………………………………………………………...7

TEX. R. APP. P. 25.2(a)(2)……………………………………………….6

NO. 07-14-00296-CR

IN THE
COURT OF APPEALS
SEVENTH JUDICIAL DISTRICT
AMARILLO, TEXAS

_____

FRANK DWIGHT CARTER
V.
THE STATE OF TEXAS

_____

BRIEF FOR THE STATE

_____


**To the Honorable Court of Appeals**:

The State of Texas, the prosecuting authority in Cause No. 89-409,752 in the 99th/364th District Courts of Lubbock County, and Appellee before the Seventh Court of Appeals, respectfully submits this brief in reply to the brief filed by Appellant appealing the denial of his motion to set aside judgment. The parties will be referred to as "Appellant" and "State."[1]

_____

[1] TEX. R. APP. P. 3.2.

## Statement of the Case

Appellant was charged by indictment on July 7, 1989, in Cause No. 89-409,752, with two counts of aggravated robbery. (Clerk's Record (CR) p. 7). Appellant was convicted of the offense of aggravated robbery on June 12, 1990, in Cause No. 89-409,752, and given a sentence of life imprisonment the same day. (CR p. 11). The Court affirmed the conviction on May 1, 1992. *Carter v. State*, No. 07-90-00252-CR (Tex. App.—Amarillo May 1, 1992, pet. ref'd).

Appellant filed a *Motion to Set Aside Judgment* on July 7, 2014. (CR pp. 4-5). The Motion was dismissed for want of jurisdiction on July 17, 2014. (CR p. 29). Appellant filed a notice of appeal on July 31, 2014. (CR p. 30).

## Statement of Facts

Appellant was charged by indictment on June 8, 1989, in Cause No. 89-409,601, with two counts of aggravated robbery. (CR p. 6). After Appellant was re-indicted, Cause No. 89-409,601 was dismissed by the trial court without prejudice on July 12, 1989. (CR p. 13) (Supplemental Clerk's Record (Supp. CR) p. 23). In particular, the trial court dismissed (without prejudice) Cause No. 89-409,601 pursuant to the State's request because "[t]his case was reindicted in Cause no. 89-409,752 by the 137th District Court Grand Jury on July 7, 1989." (Supp. CR p. 23).

Appellant was re-indicted in Cause No. 89-409,752 on July 7, 1989. He was again charged with two counts of aggravated robbery (with the exact same allegations as previously alleged in the 89-409,601 indictment), but with the addition of a felony enhancement paragraph that was not previously alleged in the 89-409,601 indictment. (CR p. 7). He was convicted of the offense of aggravated robbery on June 12, 1990, and was given a sentence of life imprisonment the same day. (CR pp. 11, 15). The Court affirmed the conviction on May 1, 1992. *Carter v. State*, No. 07-90-00252-CR (Tex. App.—Amarillo May 1, 1992, pet. ref'd).

Appellant filed a *Motion to Set Aside Judgment* on July 7, 2014. (CR pp. 4-5). In the Motion, Appellant requested that the trial court set aside the judgment in Cause No. 89-409,752 on grounds that the conviction is null and void "due to the

fact this case is/was dismissed by authorization in dismissal order No. 89-409,601 dated 7-12-1989." (CR p. 4). He argued that the dismissal of Cause No. 89-409,601 "[was] a voluntary waiver and relinquishment of jurisdiction over the parties and subject matter." *Id.* The Motion was dismissed for want of jurisdiction on July 17, 2014. (CR p. 29). Appellant filed a notice of appeal on July 31, 2014. (CR p. 30).

## Summary of the Argument

Appellant argues in his two issues that the trial court did have jurisdiction to consider the merits of his *Motion to Set Aside Judgment* because his conviction was "void" from its inception. The Court does not have jurisdiction over the attempted appeal because there is no specific statutory authorization granting a right to appeal the dismissal or denial of a post-conviction motion to set aside the judgment. Likewise, the trial court lacked jurisdiction to take any action (other than to dismiss the motion for want of jurisdiction) due to the lack of any authority to consider the post-conviction motion—a motion which requested the type of relief that can only be obtained *via* a post-conviction Article 11.07 application for writ of habeas corpus returnable to the Court of Criminal Appeals.

Furthermore, even *if* the Court had jurisdiction over the attempted appeal, Appellant's claims are entirely lacking in merit. He argues that the conviction and sentence in the instant cause are void and of no legal effect because the dismissal of the first indictment (Cause No. 89-409,601) had the effect of constituting a voluntary waiver and relinquishment of jurisdiction over the parties and subject matter. But, it is well settled that dismissal of an indictment does not prevent a grand jury from returning a subsequent indictment charging the same offense. The 89-409,601 dismissal order did not state that the cause was being dismissed "with prejudice"; therefore, there was no legal reason why a subsequent indictment could not be returned in the instant cause.

<u>Arguments and Authorities</u>

<u>First Issue Presented</u>
(Responsive to Appellant's First and Second Issues)

Appellant argues *via* two issues that the trial court erred in dismissing his motion to set aside judgment because the trial court had jurisdiction to determine that the conviction was and is "void." The Court lacks jurisdiction to hear the attempted appeal because there is no specific statutory authorization for an appeal from the denial of a post-conviction motion to set aside the judgment. Likewise, the trial court lacked jurisdiction to take any action in the case (other than to dismiss the motion for want of jurisdiction) because Appellant sought relief that could only be obtained *via* a post-conviction Article 11.07 application for writ of habeas corpus. Even if the Court does have jurisdiction over this attempted appeal and could consider the merits of the claims in Appellant's motion, however, Appellant's claims lack merit because the dismissal of an indictment does not prevent a grand jury from returning a subsequent indictment charging the same offense. Does the Court have jurisdiction to hear the attempted appeal of the denial of Appellant's requested post-conviction relief?

*Discussion*

Appellant seeks to appeal the denial of his *Motion to Set Aside Judgment* for want of jurisdiction. But, he has not shown that the Court has jurisdiction to hear

4

an appeal of the denial of his motion to set aside judgment. Likewise, the trial court did not have jurisdiction to take any action other than what it did—to dismiss the motion for want of jurisdiction. But, even if the Court does have jurisdiction to address the merits of the trial court's denial of the motion (and assuming the trial court had jurisdiction to consider the merits of the motion), however, Appellant has not shown that his conviction is "void" or otherwise invalid due to the return of a subsequent indictment after a prior indictment had already been issued charging the same offense.

*Does the Court have jurisdiction to consider the merits of this appeal?*

Neither the U.S. nor Texas Constitutions require the state to establish appellate courts or provide defendants with the right to appellate review of criminal convictions. *Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Only the Legislature can give a court authority to hear an appeal. *See Wolfe v. State*, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003). The standard for determining appellate jurisdiction is "not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696-97 (Tex. Crim. App. 2008).

The right to appellate review of a criminal conviction is "only as provided by the legislature." *Phynes*, 828 S.W.2d at 2. Article 44.02 of the Code of Criminal Procedure provides a defendant "in any criminal action" with the right of

appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02. But, a defendant's general right to appeal under Article 44.02 "'has always been limited to appeal' from a 'final judgment.'" *Abbott*, 271 S.W.3d at 697 n. 8 (*citing State v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex. Crim. App. 1990)). A "final judgment" refers to a final judgment of conviction. *See Dewalt v. State*, 417 S.W.3d 678, 683-84 (Tex. App.—Austin 2013, pet. ref'd).

Appellant is obviously not seeking to appeal his conviction and sentence since he has already had a direct appeal of his conviction and sentence. *See Carter v. State*, No. 07-90-00252-CR. Instead, he is seeking to appeal the trial court's dismissal of his *Motion to Set Aside Judgment*. The only way for this Court to be vested with jurisdiction over the instant appeal is if the denial of the Motion constitutes an appealable order, i.e., an appeal that the Legislature has authorized by law. *Abbott*, 271 S.W.3d at 696-97; *see also* TEX. R. APP. P. 25.2(a)(2) (stating that a criminal defendant has the right to appeal a judgment of guilt *or other appealable order*); *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (same). If the order denying the Motion is not considered an appealable order, then the Court does not have jurisdiction to address the merits of Appellant's claims. *See Gutierrez*, 307 S.W.3d at 321.

The *Order Dismissing for Lack of Jurisdiction* cannot be considered an appealable order that would vest this Court with jurisdiction over the instant

appeal. There is no statutory right to appeal the denial of a *Motion to Set Aside Judgment*. The general right of a criminal defendant to appeal the conviction does not apply since Appellant has already availed himself of the opportunity to appeal his conviction. Since he has already had an appeal of his conviction, there is no "criminal action" for Article 44.02 purposes since "a 'criminal action' no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted." *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010).

Appellant's *Motion to Set Aside Judgment* was a not-so-subtle attempt on Appellant's part to get the trial court to grant post-conviction habeas relief. But, the *exclusive* post-conviction remedy after final felony convictions in Texas courts is through a writ of habeas corpus returnable to the Texas Court of Criminal Appeals, pursuant to Article 11.07 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(a); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991). Any jurisdiction that this Court originally had over Appellant's appeal has long since expired since appellate mandate issued (on February 8, 1993). *See* TEX. R. APP. P. 18.1(a); 19.1; 19.3.

As an appeal of the dismissal of a post-conviction motion, an appeal would only be authorized if the Legislature has conferred a right of appeal. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 64.05 (granting appellate jurisdiction to review a trial

7

court's order relating to post-conviction DNA testing). Appellant has wholly failed to identify any authority that provides a right of appeal here. Thus, Appellant's attempted appeal of the denial of his motion to set aside judgment should be dismissed for want of jurisdiction since the Legislature has not provided a right to appeal an order denying the motion to set aside judgment.[2]

*Did the trial court have jurisdiction to decide the merits of the motion?*

A related inquiry to whether the Court has jurisdiction to hear the appeal is whether the trial court had jurisdiction to decide the merits of the *Motion to Set Aside Judgment*. The trial court, of course, found that it "lack[ed] jurisdiction to

---

[2] *See, e.g., Raley v. State*, 441 S.W.3d 647, 650-51 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (determining that the appellate court did not have jurisdiction over the appellant's attempted appeal of the trial court's denial of the motion to withdraw the defendant's guilty plea and dismiss the indictment); *Bean v. State*, No. 11-14-00298-CR, 2014 WL 6997809 at *1, 2014 Tex. App. LEXIS 13033 at *1-2 (Tex. App.—Eastland Dec. 4, 2014, no pet.) (*not designated for publication*) (finding that the appellate court did not have jurisdiction over the attempted appeal of the trial court's denial of the appellant's petition to withdraw his plea of guilty); *Leland v. State*, No. 08-11-00082-CR, 2011 WL 2565647 at *1-2, 2011 Tex. App. LEXIS 4937 at *1-5 (Tex. App.—El Paso June 29, 2011, no pet.) (*not designated for publication*) (finding that the appellate court did not have jurisdiction over the attempted appeal of the trial court's denial of the motion to set aside the finding of guilt and dismiss the indictment); *Hernandez-Prado v. State*, No. 13-10-00513-CR, 2011 WL 1205239 at *1-2, 2011 Tex. App. LEXIS 2353 at *1-3 (Tex. App.—Corpus Christi Mar. 31, 2011, no pet.) (*not designated for publication*) (finding that the appellate court lacked jurisdiction over the appellant's attempted appeal of the denial of his motion to withdraw his guilty plea); *Kurosky v. State*, No. 2-10-00202-CR, 2011 WL 255672 at *2, 2011 Tex. App. LEXIS 613 at *4 (Tex. App.—Fort Worth Jan. 27, 2011, no pet.) (*mem. op. on petition for discretionary review*) (*not designated for publication*) (finding that the Legislature has not provided for the appeal of an order denying a motion filed after the expiration of a defendant's term of community supervision seeking to set aside the conviction and dismissing the charges); *Lopez v. State*, No. 14-10-00094-CR, 2010 WL 454951 at *1, 2010 Tex. App. LEXIS 945 at *1-2 (Tex. App.—Houston [14th Dist.] Feb. 11, 2010, no pet.) (*not designated for publication*) (finding that the appellate court had no jurisdiction over the attempted appeal of the trial court's orders denying the appellant's motions to set aside, vacate and arrest judgment, for evidentiary hearing, and for appointment of counsel).

hear this matter, and accordingly this matter is dismissed."[3] While not expressed in the order, the obvious reason for the dismissal of the Motion for want of jurisdiction was that Appellant was attempting to obtain post-conviction habeas relief that was not within the purview of the trial court to grant.

The trial court properly determined that it lacked jurisdiction to take any action in the case other than to dismiss the motion for want of jurisdiction. A trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within thirty days of sentencing. S*ee State v. Davis*, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011) (*citing State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005)). But, Appellant's *Motion to Set Aside Judgment* was not filed within thirty days of sentencing—not by a long shot. Indeed, his Motion was filed about *twenty-four years* too late.

Because the type of relief requested by Appellant equates to post-conviction relief in the form of a reversal of his conviction and the dismissal of charges, that can only be done *via* post-conviction habeas relief. *See* Art. 11.07 § 3(a); *Ater*, 802 S.W.2d at 243. Thus, the trial court properly dismissed the motion for want of jurisdiction due to the lack of a "specific statutory source" authorizing the trial court to take any action on the Motion. *Skinner*, 305 S.W.3d at 594; *see also State v. Shelton*, 396 S.W.3d 614, 619 (Tex. App.—Amarillo 2012, pet. ref'd) (finding

---

[3] (CR p. 29).

that the trial court lacked jurisdiction to grant judicial clemency beyond thirty days from entry of the general discharge order due to the lack of statutory authorization to grant a judicial clemency discharge beyond that time period).

*Is Appellant's conviction void due to dismissal of Cause No. 89-409,601?*

For the reasons discussed above, the Court does not have jurisdiction to decide the merits of whether the trial court erred by dismissing the *Motion to Set Aside Judgment*. Likewise, the trial court lacked jurisdiction to consider the merits of the Motion. Assuming, *arguendo*, that the Court does have jurisdiction to consider the merits of the appeal, Appellant's "voidness" claim is entirely lacking in merit.

Appellant argues that his conviction was and is void due to the dismissal of Cause No. 89-409,601. Specifically, he argues that even though he was charged by a facially valid indictment in Cause No. 89-409,752, and was convicted pursuant to a facially valid indictment in that cause, his conviction is void due to the dismissal of the first indictment. Due to the dismissal of the 89-409,601 cause, he says that the trial court was without jurisdiction over the re-indicted offense and that his conviction is void as a matter of law. (Appellant's Br. at 4-5).

Contrary to Appellant's contentions, there is no authority for the proposition that a defendant cannot be re-indicted for an offense after having been charged by another indictment with the offense. In fact, the authority is directly to the

10

contrary. Article 32.02 of the Code of Criminal Procedure provides that the State may dismiss a criminal action at any time as long as the judge presiding over the action consents to the dismissal. TEX. CODE CRIM. PROC. ANN. art. 32.02. It is well settled that dismissal of an indictment does not prevent the grand jury from returning a subsequent indictment charging the same offense. *Ex parte Williams*, 379 S.W.2d 911, 912 (Tex. Crim. App. 1964); *see also Hughes v. State*, 16 S.W.3d 429, 430-31 (Tex. App.—Waco 2000, no pet.); *In re Carter*, No. 07-04-0418-CV, 2004 WL 2093375 at *1, 2004 Tex. App. LEXIS 8391 at *3 (Tex. App.—Amarillo Sept. 20, 2004, no pet.) (*not designated for publication*). This is especially so when the dismissal does not indicate that the cause was dismissed "with prejudice."[4] *See Hughes*, 16 S.W.3d at 431.

Appellant argues that the dismissal of Cause No. 89-409,601 constituted a "voluntar[y] waive[r] and relinquish[ment of] jurisdiction over the subject matter and and the person."[5] But, the return of an indictment in Cause No. 89-409,601 was not a one-shot proposition. As noted above, there is no authority for the proposition that the State only has one chance to indict a person, and if it later voluntarily seeks dismissal of that indictment, then it is forever barred from seeking a new indictment (as long as the new indictment is not returned outside the

---

[4] As noted above, the 89-409,601 dismissal order did not indicate that the cause was dismissed "with prejudice." (Supp. CR p. 23).

[5] (Appellant's Br. at 4).

11

limitations period[6]).  Thus, even if the trial court did have jurisdiction to consider the merits of the *Motion to Set Aside Judgment*, it would properly have denied the motion since the dismissal of Cause No. 89-409,601 did not prevent the grand jury from returning a subsequent indictment in Cause No. 89-409,752 charging the same transaction, or the State from prosecuting Appellant pursuant to the facially valid indictment in Cause No. 89-409,752.[7]

---

[6] The statute of limitations in 1989 for aggravated robbery was five years from the date of the commission of the offense.  See TEX. CODE CRIM. PROC. ANN. arts. 12.01(3)(A); 12.03(d) (West 1989).  Even excluding the tolling provisions of Article 12.05(b) of the Code of Criminal Procedure, *see* TEX. CODE CRIM. PROC. ANN. art. 12.05(b) (West 1989), the indictment was still returned well within the five-year limitations period (since it was returned less than two months after the offense date).

[7] Though Appellant would have the Court believe otherwise, he is well aware that the grand jury had the authority to return a subsequent indictment, and that the dismissal of Cause No. 89-409,601 did not waive jurisdiction over the parties or subject matter.  As suggested by the case name, the *In re Carter* case is a prior case of Appellant's, wherein Appellant attempted to obtain mandamus relief against now-Justice Hancock, requesting that the Court order him to dismiss Appellant's conviction in the instant cause on grounds that the conviction is void (*i.e.*, the exact same claim being made in the instant case).  The Court denied the petition for writ of mandamus, noting that "[i]t is well settled that dismissal of an indictment does not prevent the grand jury from returning a subsequent indictment charging the same offense."  *In re Carter*, 2004 WL 2093375 at *1, 2004 Tex. App. LEXIS 8391 at *3.  Thus, Appellant has known for *at least ten years* (if not longer) that his "voidness" claim is frivolous.  That knowledge, however, did not keep Appellant from filing a petition for writ of mandamus with the Court in 2010 requesting the type of relief as that requested in the instant appeal.  *In re Carter*, No. 07-10-00088-CV, 2010 WL 1790779, 2010 Tex. App. LEXIS 3368 (Tex. App.—Amarillo May 5, 2010, no pet.) (*not designated for publication*).

The sheer quantity of his frivolous pleadings caused the Court of Criminal Appeals to enter an abuse of the writ order against Appellant in 2007 (after he had filed ten Article 11.07 writ applications).  *See Ex parte Carter*, No. WR-24,583-14, 2007 WL 3010752, 2007 Tex. Crim. App. Unpub. LEXIS 435 (Tex. Crim. App. Oct. 17, 2007) (*not designated for publication—cited for persuasive purposes only*).  Even after the abuse of the writ order had been entered, however, Appellant filed two additional writ of habeas corpus applications—both of which were dismissed due to the abuse of the writ order.  *See Ex parte Carter*, No. WR-24,583-15 (Tex. Crim. App. Feb. 25, 2009); *Ex parte Carter*, No. WR-24,583-16 (Tex. Crim. App. Feb. 1, 2012).

Despite his knowledge that the law allows the State to dismiss a case (with the trial

## Conclusion and Prayer

For the reasons stated above, the State respectfully requests that the Court dismiss Appellant's appeal for want of jurisdiction, or alternatively that the Court affirm the judgment and sentence in all things.

Respectfully submitted,

**MATTHEW D. POWELL**
Criminal District Attorney
State Bar No. 00784782

By: /s/ Jeffrey S. Ford
Jeffrey S. Ford
Assistant Criminal District Attorney
Lubbock County, Texas
State Bar No. 24047280
P.O. Box 10536
Lubbock, Texas 79408
(806)775-1100
FAX (806)775-7930
E-mail: JFord@co.lubbock.tx.us

---

court's consent) and re-indict the defendant, Appellant continues to raise the same failed arguments of the past in this appeal. One cannot help but conclude, as did the Court of Criminal Appeals when it entered the abuse of the writ order in 2007, that Appellant "continues to raise issues that have been presented and rejected . . . or that should have been presented." *Ex parte Carter*, 2007 WL 3010752 at *1, 2007 Tex. Crim. App. Unpub. LEXIS 435 at *1.

## Certificate of Service

I certify that a true and correct copy of the foregoing brief for the State has been delivered to Frank Dwight Carter, representing himself *pro se*, by placing a copy in the United States Mail, addressed to Frank D. Carter, 8500 Drury Lane, St. Louis, MO 63147 on January 7, 2015.

*MATTHEW D. POWELL*
Criminal District Attorney
State Bar No. 00784782


By: /s/ Jeffrey S. Ford
Jeffrey S. Ford

## Certificate of Compliance

Pursuant to TEX. R. APP. P. 9.4(i)(3), I further certify that, relying on the word count of the computer program used to prepare the foregoing State's Response, this document contains 2,500 words, inclusive of all portions required by TEX. R. APP. P. 9.4(i)(1) to be included in calculation of length of the document.

*MATTHEW D. POWELL*
Criminal District Attorney
State Bar No. 00784782


By: /s/ Jeffrey S. Ford
Jeffrey S. Ford