

## NUMBERS
## 13-13-00544-CR
## 13-13-00545-CR
## 13-13-00546-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

EX PARTE MARKUS ANTONIUS GREEN

On appeal from the 24th District Court
of De Witt County, Texas.

## MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Chief Justice Valdez

By five issues, appellant, Markus Antonius Green, appeals the denial of his petition for writ of habeas corpus challenging the terms of his community supervision imposed in 1990 for convictions for three separate offenses of credit card abuse. *See* TEX. PENAL CODE ANN. § 32.31(b), (d) (West, Westlaw through 2013 3d C.S.). We affirm.

I. BACKGROUND

On October 12, 1990, pursuant to a plea agreement, Green pleaded guilty to three counts of credit card abuse, a third-degree felony in this case, in trial court cause numbers 90-1-7951, 90-1-7952, and 90-1-7953. *See id.*; *see also id.* § 32.31(d) (West, Westlaw through 2013 C.S.) (stating that credit card abuse is a state jail felony unless it is committed against an elderly individual, in which case it is a third-degree felony). The trial court accepted Green's pleas, adjudicated Green guilty of the three offenses, and sentenced Green to three concurrent ten-year sentences.[1] The trial court suspended the imposition of the sentences in each cause and placed Green on probation for a term of ten years. The record shows that "[t]here was no revocation in any of the three causes, and all three of the probation causes were allowed to terminate" by the community supervision and corrections department of Victoria, Texas.

According to Green, he was subsequently convicted of the offense of practicing medicine without a license, which is unrelated to the 1990 credit card abuse offenses, and he received a forty-year sentence.[2] On August 5, 2013, Green filed a petition for writ of habeas corpus challenging the three convictions for credit card abuse on the basis that the trial court had sentenced him to three consecutive probated ten-year sentences that he would have to serve once he is released from prison on the separate sentence he is now serving. On August 16, 2013, finding that Green's petition is frivolous, the trial court denied it. This appeal followed.

## II.    STANDARD OF REVIEW

---

[1] Each judgment recites that the three causes will be "concurrent unless otherwise specified." None of the judgments specifies otherwise.

[2] Green represented in his brief that the offense is practicing medicine without a license and causing psychological harm.

Generally, we review a trial court's decision on a writ for habeas corpus under an abuse of discretion standard of review. *See Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.); *see also Ex parte Garcia*, 353 S.W.3d 785, 788 (Tex. Crim. App. 2011) (stating that the *Guzman* abuse of discretion standard applies to appellate review of habeas corpus proceedings). The burden of establishing by a preponderance of the evidence that the facts entitle him to relief are on the applicant seeking post-conviction habeas corpus relief. *Ex parte Richardson*, 70 S.W.3d 865, 870 (Tex. Crim. App. 2002). We consider the evidence presented in the light most favorable to the habeas court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). This deferential review applies even when the habeas court's factual findings are implied rather than explicit and are supported by the record. *Ex parte Wheeler*, 203 S.W.3d 317, 325–26 (Tex. Crim. App. 2006). "There is less leeway in an article 11.072 context to disregard the findings of a trial court." *Ex parte Garcia*, 353 S.W.3d at 787–88. "However, when the facts are uncontested and the trial court's ruling does not turn on the credibility or demeanor of witnesses, a de novo review by the appellate court is appropriate." *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, no pet.).

### III. DISCUSSION

By his first issue, Green contends that he is entitled to post-trial habeas corpus relief on the basis that sections of the Texas Occupations Code are unconstitutional.[3] In his petition for writ of habeas corpus and on appeal, Green seeks to challenge the

---

[3] Specifically, Green alleges that sections "165.152 revised, and []165.153" of the occupations code are unconstitutional because his sentences for credit card abuse are stacked on his forty-year sentence. However, as stated above, Green cannot collaterally attack through a writ of habeas corpus the practicing medicine conviction without showing that an appeal was not available, and he has not done so.

sections of the occupations code related to his practicing medicine without a license and causing psychological damage conviction. Habeas corpus is not available to a defendant whose complaints could have been challenged by way of an appeal. *Ex parte Cruzata*, 220 S.W.3d 518, 520 (Tex. Crim. App. 2007) ("Habeas corpus is an extraordinary remedy and is available only when there is no other adequate remedy at law.") (citing *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004)). Green presented no evidence or legal authority to the habeas court that he could not have pursued a direct appeal of his conviction for practicing medicine without a license and causing psychological harm on the basis that the statutes are unconstitutional. *Ex parte Townsend*, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) ("Even a constitutional claim is forfeited if the applicant had the opportunity to raise the issue on appeal.").[4] Therefore, we conclude that Green did not meet his burden of showing by a preponderance of the evidence that he is entitled to habeas corpus relief on that ground. The habeas court did not abuse its discretion in denying Green's writ on that basis, and we overrule Green's first issue.

Issues two, three, five, and to a certain extent one are premised on the assumption that the trial court in the three credit card abuse cases wherein Green pleaded guilty sentenced him to three consecutive ten-year terms of community supervision.[5] Specifically, Green argues that his community supervision was illegally stacked under

---

[4] Green states in his brief that he appealed from his practicing medicine without a license conviction. Thus, we conclude that he had the opportunity to appeal the constitutionality of the applicable statutes.

[5] By his second, third, and fifth issues, Green contends that: (1) "The [t]rial [c]ourt [e]rred in its [d]enial of [g]round [n]umber [o]ne [in his application for habeas corpus relief] that appellant's probated sentences are illegally-stacked [sic]"; (2) "The [t]rial [c]ourt [e]rred in the [d]enial of [a]ppellant's [g]round number two: that his three consecutive probation terms were imposed in violation of § 42.08(a) . . . and are now illegally-stacked [sic] against his current 40 [year] [p]rison term"; and (3) "Appellant's three [p]robated [s]entences cannot be consolidated, modified, or corrected to run concurrently, with his current 40 [year] sentence by statute [and] violates [d]ue [p]rocess of [l]aw."

4

Texas Code of Criminal Procedure section 42.08, which he argues "prohibits state prosecutors from imposing felony probations that are consecutive if the cumulative total of the probation terms imposed, exceed 10 years." *See* TEX. CODE CRIM. PROC. ANN. § 42.08 (West, Westlaw through 2013 3d C.S). He further complains that he will be required to serve the three consecutive ten-year terms of community supervision once he serves his forty-year sentence in the separate cause.

Green alleged in his application for habeas corpus relief that the complained-of terms of community supervision had not been initiated and that upon his parole from prison, those sentences could be imposed at any time without warning and he would have to serve them consecutively. Green claims that the sentences are illegally cumulated by court order.[6] However, upon our review of the judgments in each of the three credit card abuse cases before us and the subject of Green's writ of habeas corpus, we find that none of the probationary sentences have been ordered to run consecutively. In fact, as previously mentioned, the judgments state that the community supervision periods would run concurrently unless otherwise specified, and there is nothing in the judgments indicating that the community supervision periods were ordered to run consecutively. Moreover, on January 31, 2014, Susan F. Longoria of the 24th Judicial District Community Supervision and Corrections Department filed a letter with the habeas court stating:

> As requested, this letter provides information on the above referenced defendant [Green in trial cause numbers 90-1-7951, 90-1-7952, and 90-1-7953]. On October 12, 1990, Mr. Green was convicted of the offense of Credit Card Abuse (in each cause [listed above]) and sentenced to ten (10) years IDTDCJ, probated for ten (10) years.

---

[6] In his application for habeas corpus relief, Green points to nothing in the record showing that there is any court order to this effect.

5

There was no revocation in any of the three causes, and all three of the probation causes were allowed to terminate.

Viewing the evidence in the light most favorable to the habeas court's ruling, we conclude that Green has not met his burden of establishing by a preponderance of the evidence that he is entitled to post-conviction habeas corpus relief on the basis that his community supervision was illegally stacked in contravention of section 42.08. *See Ex parte Richardson*, 70 S.W.3d at 870. We overrule appellant's second, third, and fifth issues. We overrule Green's first issue to the extent that he argues that the stacking of his credit card abuse community supervision terms makes the complained-of sections of the occupations code unconstitutional.

By his fourth issue, Green contends that he received ineffective assistance of counsel at various stages of trial when he pleaded guilty to the three counts of credit card abuse. However, Green did not present this argument to the habeas court. Thus, he has not preserved his complaint for our review, and we may not address it for the first time on appeal. *See Hughes v. State*, 16 S.W.3d 429, 431 (Tex. App.—Waco 2000, no pet.); *see also Ex parte Motta*, No. 13-13-00667-CR, 2014 WL 6602280, at *3 (Tex. App.—Corpus Nov. 20, 2014, no pet.) (mem. op., not designated for publication) (finding that the appellant waived his argument regarding the trial court's admonishments because he did not include the argument in his application for writ of habeas corpus) (citing TEX. R. APP. P. 33.1(a)(1); *Ex parte Torres*, 941 S.W.2d 219, 220 (Tex. App.—Corpus Christi 1996, pet. ref'd); *Ex parte Saldana*, 13–01–00360–CR, 2002 WL 91331, at *5 (Tex. App.—Corpus Christi Jan. 24, 2002, no pet.) (mem. op., not designated for publication)). Accordingly, we overrule Green's fourth issue.

## IV.  CONCLUSION

We affirm the trial court's denial of Green's application for writ of habeas corpus.[7]

> **/s/ Rogelio Valdez**
> ROGELIO VALDEZ
> Chief Justice

Do not Publish.
Tex. R. App. P. 47.2(b)

Delivered and filed the
12th day of March, 2015.

---

[7] We deny appellant's motion to direct the court to correct remedial errors that was carried with the case on May 14, 2014.  We deny as moot Green's motion to file motions marked received that was carried with the case on September 23, 2014.  Because the clerk of this Court has marked Green's brief as filed and we have reviewed his appellate issues, we deny his motion for extension of time to file his brief as moot that was also carried with the case on May 14, 2014.  We deny Green's motion to challenge the constitutionality of Texas Occupations Code sections 165.152, 165.152 revised, and 165.153(1) and (2) that was also carried with the case on September 24, 2014.