**Opinion issued June 5, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00355-CR

———————————

**JOHNNIE LEE RALEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Case No. 32630**

---

## O P I N I O N

In 1981, appellant, Johnnie Lee Raley, pleaded guilty to the state-jail felony

offense of burglary of a building not then open to the public and received three

years' community supervision.[1]  Appellant successfully complied with the terms of his community supervision, and the trial court discharged him from community supervision in 1984.  In 2013, appellant requested that the trial court exercise its "judicial clemency" powers pursuant to Code of Criminal Procedure article 42.12, section 20(a), permit him to withdraw his guilty plea, and dismiss the indictment against him.  The trial court denied the motion, ruling that it lacked jurisdiction to enter the requested relief.  On appeal, appellant contends that the trial court erroneously determined that it lacked jurisdiction and dismissed the case.

We dismiss the appeal for lack of jurisdiction.

## Background

In January 1981, appellant pleaded guilty to the offense of burglary of a building not then open to the public.  The trial court accepted his guilty plea and placed him on community supervision for three years.  Appellant successfully complied with the terms and conditions of his community supervision, and the trial court discharged him from community supervision in January 1984.

Nearly thirty years later, in February 2013, appellant filed a motion for judicial clemency with the trial court.  Appellant argued that over the past thirty years, he had proven himself to be trustworthy and rehabilitated and he had no further criminal convictions, but the burglary conviction on his record continued to

---

[1]    *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2011).

cause problems for him in finding permanent employment. He therefore sought the withdrawal of his guilty plea and the dismissal of the indictment against him.

At the hearing on appellant's motion for judicial clemency, the trial court expressed its belief that it lacked jurisdiction to rule on the motion because its plenary power over the case had expired thirty days after it signed the original order discharging appellant from community supervision. The trial court ultimately denied appellant's motion, stating that the "court has lost jurisdiction."

### Judicial Clemency

Appellant raises several issues challenging the trial court's ruling on his motion for judicial clemency. In each issue, appellant contends that the trial court erred in dismissing his motion for lack of jurisdiction.

### A. Article 42.12, Section 20(a)

Code of Criminal Procedure article 42.12, section 20(a) addresses the reduction or termination of community supervision. That section provides:

> At any time after the defendant has satisfactorily completed one-third of the original community supervision period or two years of community supervision, whichever is less, the period of community supervision may be reduced or terminated by the judge. . . . Upon the satisfactory fulfillment of the conditions of community supervision, and the expiration of the period of community supervision, the judge, by order duly entered, shall amend or modify the original sentence imposed, if necessary, to conform to the community supervision period and shall discharge the defendant. If the judge discharges the defendant under this section, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea, and shall dismiss the accusation, complaint, information or indictment against

3

the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which the defendant has been convicted or to which the defendant has pleaded guilty . . . .

TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (Vernon Supp. 2013).

The Court of Criminal Appeals has held that this section authorizes two types of discharge from community supervision. *See Cuellar v. State*, 70 S.W.3d 815, 818 (Tex. Crim. App. 2002). The "usual" method of discharge is mandatory upon the defendant's satisfactory fulfillment of all of the terms and conditions of community supervision. *Id.* The trial court has no discretion in deciding whether to discharge a defendant who has successfully completed the terms of his community supervision. *See id.* In this situation, the defendant "has paid his debt to society and, in effect, 'graduates' from community supervision," although the felony conviction remains on his criminal record. *Id.*

Article 42.12, section 20(a) also authorizes a less common type of discharge which is "not a right but rather is a matter of 'judicial clemency' within the trial court's sole discretion." *Id.* at 818–19. The Court of Criminal Appeals stated:

> [W]hen a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society, the trial judge *may* "set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty."

4

*Id.* at 819 (quoting TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a)) (emphasis in original). If the trial court chooses to exercise the "judicial clemency" option, "the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the courtroom 'released from all penalties and disabilities' resulting from the conviction." *Id.* Unlike discharge upon successful completion of the terms of community supervision, which is a matter of right, the decision to dismiss the indictment and set aside the defendant's conviction is a matter "wholly within the discretion of the trial court." *Id.* at 820.

### B. Appellate Jurisdiction

Neither the United States nor the Texas Constitution requires the state to establish appellate courts or provide defendants with the right to appellate review of criminal convictions. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Only the Texas Legislature can grant a court the authority to hear an appeal. *Wolfe v. State*, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003); *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992) ("[A] party may appeal only that which the Legislature has authorized."). The standard for determining appellate jurisdiction in criminal cases is not whether the appeal is precluded by law but whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).

Code of Criminal Procedure article 44.02 provides a right of appeal for a "defendant in any criminal action." TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006). The Court of Criminal Appeals has recognized "the long-established rule that a defendant's general right to appeal under Article 44.02 'has always been limited to appeal' from a 'final judgment.'" *Abbott*, 271 S.W.3d at 697 n.8 (quoting *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990)). A "final judgment" is a "final judgment of conviction," which is defined in the Code of Criminal Procedure as "the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant." *Dewalt v. State*, 417 S.W.3d 678, 683–84 (Tex. App.—Austin 2013, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1 (Vernon Supp. 2013) (defining "judgment"). In addition to appeals from final judgments, the Legislature has also authorized appeals from certain orders, such as an appeal from an order adjudicating a defendant guilty after previously being placed on deferred adjudication community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) ("After an adjudication of guilt, all proceedings including . . . defendant's appeal continue as if the adjudication of guilt had not been deferred.").

There is no statutory right to appeal an order granting or denying judicial clemency pursuant to article 42.12, section 20(a). *See Dewalt*, 417 S.W.3d at 685 n.34 (noting such in analogous context of attempt to appeal from trial court's order

6

denying appellant's request for early termination of sex-offender reporting requirements); *see also Nelson v. State*, No. 05-13-00069-CR, 2013 WL 6063713, at *1 (Tex. App.—Dallas Nov. 18, 2013, no pet.) (mem. op., not designated for publication) (holding same in context of attempt to appeal from order dismissing motion for judicial clemency for lack of jurisdiction); *Cooksey v. State*, No. 05-12-00301-CR, 2013 WL 1934943, at *2–4 (Tex. App.—Dallas May 10, 2013, no pet.) (mem. op., not designated for publication) (holding same); *Leland v. State*, No. 08-11-00082-CR, 2011 WL 2565647, at *2 (Tex. App.—El Paso June 29, 2011, no pet.) (mem. op., not designated for publication) (holding same); *Kurosky v. State*, No. 2-10-00202-CR, 2011 WL 255672, at *1–2 (Tex. App.—Fort Worth Jan. 27, 2011, no pet.) (mem. op., not designated for publication) (per curiam) (holding same). As the Dallas Court of Appeals noted in its unpublished memorandum opinion in *Cooksey*, the Court of Criminal Appeals stated in *Cuellar* that the decision to grant judicial clemency "is left to the trial court's *sole discretion.*" 2013 WL 1934943, at *2 (emphasis in original). The Dallas court concluded that because the right to appeal in a criminal case is statutorily provided and no statute provided authority for an appeal from an order denying a defendant's motion for judicial clemency, it lacked appellate jurisdiction to resolve the dispute. *Id.*; *see Nelson*, 2013 WL 6063713, at *1; *Leland*, 2011 WL 2565647, at *2; *Kurosky*, 2011 WL 255672, at *1–2.

7

To the extent appellant argues that this proceeding is actually a separate civil action instead of "a continuation of the underlying criminal case," we disagree. In seeking judicial clemency, appellant sought the dismissal of the original indictment and the setting aside of the judgment of conviction entered against him in the original criminal case. He thus requested relief that affects a criminal judgment. We therefore conclude that this proceeding is properly treated as a criminal action and not a civil one. *See Cooksey*, 2013 WL 1934943, at *3 ("[Cooksey's motion for judicial clemency] plainly sought to set aside or dismiss a criminal judgment in which Cooksey had been charged by the State with a criminal violation and sentenced to a criminal punishment."); *see also State v. Shelton*, 396 S.W.3d 614, 618 (Tex. App.—Amarillo 2012, pet. ref'd) ("It can hardly be doubted that the law governing the placement of persons on community supervision, set out in article 42.12 of the Code of Criminal Procedure, is a matter of criminal law.").

We follow the reasoning of each of our sister courts that have addressed this jurisdictional issue and hold that, in the absence of any statutory authority specifically authorizing an appeal from an order denying a defendant's motion for judicial clemency, we lack jurisdiction to hear appellant's appeal.

## Conclusion

We dismiss appellant's appeal for lack of appellate jurisdiction.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Brown.

Publish. TEX. R. APP. P. 47.2(b).