**Opinion issued June 9, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00769-CR

———————————

**BILLY RAY RISLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 232nd District Court**
**Harris County, Texas**
**Trial Court Case No. 966167**

---

## MEMORANDUM OPINION

A jury found appellant, Billy Ray Risley, guilty of the offense of aggravated assault.[1] After finding true the allegations in two enhancement paragraphs that appellant had been twice previously convicted of felony offenses, the trial court on

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon 2011).

June 29, 2004, assessed his punishment at confinement for thirty years. This Court affirmed the trial court's judgment. *See Risley v. State*, No. 01-04-00732-CR, 2005 WL 1365134 (Tex.App.—Houston [1st Dist.] June 9, 2005, pet. ref'd) (mem. op., not designated for publication). Appellant now attempts to appeal from the trial court's August 10, 2015 order denying his motion to issue a subpoena duces tecum.

We dismiss the appeal.

In his "Writ for Subpoena Duces Tecum," filed in July 2015, appellant requested that the trial court order the Houston Police Department ("HPD") to produce the identity of a female law enforcement officer involved in his arrest in the instant case. He also requested a copy of the HPD offense report and a copy of an emergency-assistance telephone call made shortly before his arrest, or, alternatively, an affidavit stating that no such telephone call was made. Proceeding pro se, appellant timely filed a notice of appeal of the trial court's order denying his request.

We lack jurisdiction to consider this appeal. "Jurisdiction must be expressly given to the courts of appeals in a statute." *Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). A defendant's right of appeal is established by the Texas Code of Criminal Procedure article 44.02, but is limited to a final judgment of conviction or acquittal. *Raley v. State*, 441 S.W.3d 647, 650–51 (Tex. App.—

Houston [1st Dist.] 2014, pet. ref'd) (citing TEX. CODE CRIM. PROC. ANN. art. 44.02 (Vernon 2006)). The narrow exceptions to the general rule are inapplicable to this case. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5(b) (Vernon Supp. 2013); *Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.).

Further, as noted by the Fourteenth Court of Appeals, a trial court's denial of a request for a subpoena does not fall within the exceptions to the general rule allowing appeals only from final judgments. *Coe v. State*, No. 14-10-00563-CR, 2010 WL 3504752, at *1 (Tex. App.—Houston [14th Dist.] Sept. 9, 2010, no pet.) (mem. op., not designated for publication) (order quashing a subpoena); *Smith v. State*, No. 14-09-00217-CR, 2009 WL 722574, at *1 (Tex. App.—Houston [14th Dist.] Mar. 19, 2009, no pet.) (mem. op., not designated for publication) (order denying subpoena). In the absence of a final judgment or an exception, this Court lacks jurisdiction to hear the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction and dismiss as moot all pending motions.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).