**Dismissed and Memorandum Opinion filed February 14, 2019.**



In The

## Fourteenth Court of Appeals

NO. 14-19-00087-CR

**TIMOTHY MARCUS WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause No. 2127076**

## M E M O R A N D U M    O P I N I O N

This is an attempted appeal of the trial court's order dismissing the case against appellant. In Texas, appeals in criminal cases are permitted only when they are authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. Ann. art. 44.02. Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990). A "final judgment" is a "final judgment of

conviction," which is defined in the Code of Criminal Procedure as "the written declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant." *Raley v. State*, 441 S.W.3d 647, 650 (Tex. App.—Houston [1st Dist.] 2014, pet ref'd); Tex. Code Crim. Proc. Ann. art. 42.01, § 1. Appellant was not convicted or acquitted. The State filed a motion to dismiss the case against him which the trial court granted.

Because this appeal does not fall within the exceptions to the general rule that appeal may be taken only from a final judgment of conviction, we have no jurisdiction.

Accordingly, the appeal is ordered dismissed for lack of jurisdiction.


PER CURIAM


Panel consists of Justices Wise, Zimmerer, and Spain.

Do Not Publish – Tex. R. App. P. 47.2(b)