**Dismissed and Memorandum Opinion filed August 13, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00354-CR

**ALVIS JACKSON III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 26th District Court
Williamson County, Texas
Trial Court Cause No. 16-0849-K26**

## MEMORANDUM OPINION

This attempted appeal is from an order of dismissal. Such an order is not appealable. In Texas, appeals in criminal cases are permitted only when they are authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. art. 44.02. Generally, a criminal defendant may appeal only from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex. Crim. App. 1990). A "final judgment" is a "final judgment of conviction," which is defined in the Code of Criminal Procedure as "the written declaration of

the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant." *Raley v. State*, 441 S.W.3d 647, 650 (Tex. App.— Houston [1st Dist.] 2014, pet ref'd.); Tex. Code Crim. Proc. Ann. art. 42.01 § 1. The State filed a motion to dismiss the case against the defendant, which the trial court granted.

Because this appeal does not fall within the exceptions to the general rule that an appeal may be taken only from a final judgment of conviction, we have no jurisdiction.

Accordingly, we dismiss the appeal for lack of jurisdiction.


PER CURIAM


Panel consists of Justices Jewell, Bourliot, and Zimmerer.

Do Not Publish — Tex. R. App. P. 47.2(b)