

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00151-CR

JOSHUA RAY TEMPLE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28106

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

_____
*Jack Carter, Justice, Retired, Sitting by Assignment

## MEMORANDUM OPINION

In 2019, Joshua Ray Temple was convicted of evading arrest or detention with a vehicle and was sentenced to forty years' imprisonment. Temple filed a direct appeal from that conviction, and, on July 3, 2019, this Court affirmed the trial court's judgment. *See Temple v. State*, 581 S.W.3d 812 (Tex. App.—Texarkana 2019, no pet.). On December 6, 2021, Temple filed a motion for a new trial in the trial court. On December 13, 2021, the trial court entered an order denying Temple's motion, noting that its plenary power had expired. Temple has attempted to appeal from the trial court's December 13 order denying, for want of jurisdiction, his motion for a new trial.

In Texas, a party may appeal only when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981); *see Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."). When the Legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

With respect to the trial court's "order" refusing to consider the merits of Temple's untimely motion for a new trial because its plenary power had expired, this does not appear to be an order from which the Texas Legislature has authorized an appeal. As noted above, in the

absence of such an authorization, we are without jurisdiction to hear the appeal. *See Raley v. State*, 441 S.W.3d 647, 650–52 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

By letter dated February 17, 2022, we notified Temple of this jurisdictional issue and afforded him an opportunity to respond. Temple filed a response in which he, through counsel, conceded that this Court lacks jurisdiction over this appeal.

Because there is no appealable order in the appellate record, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     March 8, 2022
Date Decided:       March 9, 2022

Do Not Publish