

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00008-CR
_____

DAVID LEN MOULTON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2008F00339

Before Morriss, C.J., Carter* and Marion,** JJ.
Memorandum Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment
**Sandee Marion, Chief Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

In 2010, David Len Moulton was convicted of murder and was sentenced to sixty years' imprisonment. Moulton filed a direct appeal from that conviction, and on October 19, 2011, this Court affirmed the trial court's judgment. *See Moulton v. State*, 360 S.W.3d 540 (Tex. App.—Texarkana 2011), *rev'd*, 395 S.W.3d 804 (Tex. Crim. App. 2013). On December 2, 2021, Moulton filed a motion styled "Motion for Discovery and Inspection of Evidence." On December 6, 2021, the trial court entered an order finding that it was without jurisdiction to consider Moulton's motion. Moulton has attempted to appeal from the trial court's December 6 order refusing, for want of jurisdiction, to consider his motion.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981); *see Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."). When the Legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

With respect to the trial court's order finding that it was without jurisdiction to consider Moulton's motion, this does not appear to be an order from which the Texas Legislature has authorized an appeal. As noted above, in the absence of such an authorization, we are without

2

jurisdiction to hear the appeal. *See Raley v. State*, 441 S.W.3d 647, 650–52 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

By letter dated February 9, 2022, we notified Moulton of this jurisdictional issue and afforded him an opportunity to respond. Moulton did not file a response.

Because there is no appealable order in the appellate record, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.

Jack Carter
Justice

Date Submitted: March 9, 2022
Date Decided: March 10, 2022

Do Not Publish