

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00115-CR
_____

WALTER MURPHY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 18F0459-005

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

In 2019, Walter Murphy was convicted of possession of a controlled substance and was sentenced to twenty years' imprisonment.[1]  On July 28, 2022, Murphy filed a document captioned Petition for Reduction of Sentence.  On August 4, 2022, the trial court entered an order dismissing the petition, noting that it lacked jurisdiction to consider it.  On August 25, 2022, Murphy filed a document in the trial court captioned Appeal of Court Order.  Both the trial court and this Court interpreted the August 25 filing as Murphy's attempt to appeal the trial court's August 4 dismissal order.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981); *see Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law.").  When the Legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

In the criminal context, the Texas Legislature has authorized appeals from written judgments and/or appealable orders.  *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).  The trial court's order dismissing, for want of jurisdiction, Murphy's petition for a

---

[1]This sentence was ordered to run concurrently with the twenty-year sentence Murphy received in a companion case in which he likewise filed an appeal from the trial court's order dismissing his petition seeking a sentence reduction. The companion appeal bears our cause number 06-22-00116-CR.

sentence reduction does not appear to be an order from which the Texas Legislature has authorized an appeal. In the absence of such authorization, we are without jurisdiction to hear the appeal. *See Raley v. State*, 441 S.W.3d 647, 650–52 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

By letter dated October 12, 2022, we notified Murphy of this jurisdictional issue and afforded him an opportunity to respond. Murphy did not file a response.

Because there is no appealable order in the appellate record, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.


Charles van Cleef
Justice

Date Submitted:     November 9, 2022
Date Decided:       November 10, 2022

Do Not Publish

3