

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00111-CR

BRYAN KEITH LYNCH, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28257

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

In 2019, a Lamar County jury convicted Bryan Keith Lynch of aggravated sexual assault of a child and indecency with a child by sexual contact and assessed his sentences at life imprisonment and twenty years' imprisonment, respectively. On May 15, 2023, Lynch filed a motion styled "Motion for New Trial Based on Newly Discovered Evidence." On May 16, 2023, the trial court entered an order finding that it was without jurisdiction to consider Lynch's motion; alternatively, the trial court denied the motion as untimely. Lynch has attempted to appeal from the trial court's May 16 order.

In Texas, a party may only appeal when the Texas Legislature has authorized an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981); *see Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008) ("The standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law."). When the Legislature passes legislation granting a right of appeal, in addition to granting its citizens that substantive right, it also grants the appellate courts of this State jurisdiction to hear such appeals. In the absence of such authorizing legislation, appellate courts are without jurisdiction and have no authority to act.

In the criminal context, the Texas Legislature has authorized appeals from written judgments and/or appealable orders. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010). The trial court's May 16 order refusing to consider Lynch's motion for want of jurisdiction or, alternatively, denying Lynch's motion as untimely is not an order from which the Texas Legislature has authorized an appeal. In the absence of such authorization, we are without

2

jurisdiction to hear the appeal. *See Raley v. State*, 441 S.W.3d 647, 650–52 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd).

By letter dated July 17, 2023, we notified Lynch of this jurisdictional issue and afforded him an opportunity to respond. Lynch did not file a response.

Because there is no appealable order in the appellate record, we lack jurisdiction over this appeal. Consequently, we dismiss the appeal for want of jurisdiction.

Jeff Rambin
Justice

Date Submitted:     August 14, 2023
Date Decided:     August 15, 2023

Do Not Publish