**Dismissed and Memorandum Opinion filed December 21, 2023**



In The

# Fourteenth Court of Appeals

### NO. 14-23-00796-CR

### ERNEST HENRY WALKER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 3**
**Ellis County, Texas**
**Trial Court Cause No. 2210493**

## MEMORANDUM OPINION

This is an attempted appeal of the trial court's order dismissing the case against appellant. In Texas, appeals in criminal cases are permitted only when they are authorized by statute. *State ex rel. Lykos*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *see* Tex. Code Crim. Proc. Ann. art. 44.02. Generally, a criminal defendant may only appeal from a final judgment. *See State v. Sellers*, 790 S.W.2d 316, 321 n. 4 (Tex. Crim. App. 1990). A "final judgment" is a "final judgment of conviction," which is defined in the Code of Criminal Procedure as "the written

declaration of the court signed by the trial judge and entered of record showing the conviction or acquittal of the defendant." *Raley v. State*, 441 S.W.3d 647, 650 (Tex. App.—Houston [1st Dist.] 2014, pet ref'd.); Tex. Code Crim. Proc. Ann. art. 42.01 § 1. Appellant was not convicted or acquitted. The State filed a motion to dismiss the case which the trial court granted.

On November 15, 2023, this court notified appellant that we lacked jurisdiction over the appeal and that it was subject to dismissal without further notice unless appellant demonstrated, within 21 days, that the court has jurisdiction. Appellant did not file a response.

Because this appeal does not fall within the exceptions to the general rule that appeal may be taken only from a final judgment of conviction, we have no jurisdiction.

Accordingly, we dismiss the appeal.

PER CURIAM

Panel consists of Justices Hassan, Poissant, and Wilson.

Do Not Publish – Tex. R. App. P. 47.2(b)